UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE SOLARIA CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>GCL SYSTEM INTEGRATION TECHNOLOGY CO., LTD.,<br><br>    Defendant. | Case No. 20-cv-07778-BLF (VKD)<br><br>**ORDER RE MAY 5, 2021 DISCOVERY DISPUTE LETTER**<br><br>Re: Dkt. No. 28 |

Plaintiff Solaria Corporation ("Solaria") and defendant GCL System Integration Technology Co. ("GCL") ask the Court to resolve a dispute concerning GCL's responses to Solaria's interrogatories. Dkt. No. 28. Neither party requested a hearing, and the Court finds this matter suitable for resolution without one. *See* Civil L.R. 7-1(b).

As explained below, the Court will require GCL to supplement its interrogatory responses.

## I.   BACKGROUND

In this action, Solaria sues GCL for breach of contract for non-payment. Dkt. No. 1. GCL denies liability to Solaria for breach of contract and asserts several defenses. Dkt. No. 12.

Solaria served two interrogatories on GCL:

<u>Interrogatory No. 1</u>: If GCL contends it does not owe Solaria any of the following payments, state all facts and explain in detail why each payment is not owed and identify all documents related thereto: [list of eight payments, identified by "payment amount," "date payment was due," and "agreement(s)"].

<u>Interrogatory No. 2</u>: State all facts in support of, and explain in detail all bases for, each of your defenses (both affirmative and non-affirmative) to Solaria's claim for breach of contract and identify by Bates number all documents related thereto.

Dkt. No. 28-1 at 2-3. GCL objected to Interrogatory No. 1 on several grounds, but it also responded by stating that four of the eight payment amounts were not due or owing and that three of the other payment amounts were "duplicative" of one of those four. GCL did not comment regarding the eighth payment amount. Dkt. No. 28-3 at 3. GCL objected to Interrogatory No. 2 on several grounds and responded by referring Solaria to GCL's responses to Solaria's document requests. Dkt. No. 28-2 at 3-4.

Solaria now asks the Court to order GCL to provide more complete responses to these interrogatories.

## II. DISCUSSION

### A. Interrogatory No. 1

With respect to Interrogatory No. 1, Solaria says that GCL's response does not state all facts or explain why GCL contends the following four payments are not owed to Solaria:

(1) a $200,000.00 payment that was due September 30, 2020;
(2) a $200,000.00 payment that was due October 31, 2020;
(3) a $271,926.23 payment that was due November 30, 2020; and
(4) a $1,000,000.00 payment that was due January 1, 2021.

Dkt. No. 28 at 1. GCL responds that, read literally, Interrogatory No. 1 requires it to state facts and provide an explanation about a particular payment *only if* it contends it does not owe that payment to Solaria, and that it is not required to affirmatively acknowledge that a particular payment is owed. *Id.* at 3.[1] GCL does not argue that it should be able to defer answering Interrogatory No. 1 at this time because it does not know what its contentions are as to these payments. *See* Fed. R. Civ. P. 33(a)(2).

The parties' dispute is a little silly. The Court accepts GCL's literal reading of Interrogatory No. 1 and therefore understands that GCL is not disputing it owes the four payments to Solaria. *See* Dkt. No. 28 at 3 (Per GCL: "The construction of Interrogatory No. 1 stated '[i]f

---

[1] GCL also objects that Interrogatory No. 1 has subparts that are the equivalent of 32 separate questions, exceeding the limit on the number of interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure. Dkt. No. 28 at 2-3. However, GCL does not appear to rely on that objection for purposes of this discovery dispute, as it claims to have fully answered Interrogatory No. 1 despite objecting to the number of subparts. In any event, as explained below the Court is not persuaded the interrogatory contains 32 discrete subparts.

2

1  GCL contends it does not owe Solaria any of the following payments [then answer the following three questions]'—*implicitly meaning if the conditional first question is answered in the negative, no response is required.*") (emphasis added). If that is GCL's position, it could have said so in plain English to Solaria and avoided having the Court spend time considering the matter. If the Court's interpretation of GCL's position is incorrect, GCL must supplement its response to Interrogatory No. 1 to clarify its position. If it has not done so already, GCL must identify all documents on which it relies in support of any contention that it does not owe a particular payment.

### B.     Interrogatory No. 2

With respect to Interrogatory No. 2, Solaria says that it requires information about GCL's defenses to Solaria's breach of contract claim so that it can address GCL's grounds for failure to pay the four amounts described above when Solaria moves for summary judgment. Dkt. No. 28 at 2. GCL asserts three objections. First, it says that Interrogatory No. 2 has subparts that are the equivalent of 24 separate questions and, taken together with Interrogatory No. 1, exceed the number of interrogatories permitted under Rule 33. Second, it says that it should not have to summarize its entire case in response to a single interrogatory. Third, it says that to the extent Interrogatory No. 2 asks for identification of documents, it is duplicative of Solaria's requests for production of documents. *Id.* at 3-4.

The Court first considers GCL's objection regarding the interrogatory's subparts. Rule 33(a) does not prohibit the use of subparts in an interrogatory; it provides that discrete subparts count against the rule's presumptive 25-interrogatory limit. Fed. R. Civ. P. 33(a) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories including all discrete subparts."). Although the rule does not define "discrete subparts," the prevailing view is that interrogatory subparts should be counted as one interrogatory "'if they are logically or factually subsumed within and necessarily related to the primary question.'" *Synopsys, Inc. v. ATopTech, Inc.,* 319 F.R.D. 293, 294 (N.D. Cal. 2016) (quoting *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)) (summarizing cases). Interrogatory No. 2 asks GCL to describe the bases for, and to identify documents relating to, each

3

of its defenses to Solaria's breach of contract claim. GCL asserts eight "affirmative defenses" in its answer, but several of these appear to be place holders or asserted pro forma. GCL may also have other defenses that are not "affirmative defenses" but are nevertheless encompassed by Interrogatory No. 2. To the extent a defense relies on a distinct legal theory and distinct set of facts, it is appropriate to treat each such defense as a separate subject. Accordingly, for each distinct defense GCL intends to assert, Interrogatory No. 2 will count as a separate interrogatory—i.e. if GCL asserts eight defenses, this interrogatory counts as eight interrogatories. *See, e.g., Finjan, Inc. v. Qualys Inc.,* No. 18-CV-07229-YGR (TSH), 2020 WL 4923964, at *2 (N.D. Cal. Aug. 21, 2020) (where defendant asserted affirmative defenses directed to "10 primary subjects," interrogatory asking for "complete legal and factual basis for each affirmative defense" is counted as ten interrogatories) (emphasis omitted). As Interrogatory No. 1 cannot reasonably be construed as encompassing more than eight interrogatories (corresponding to the eight payment amounts), the Court finds no basis to conclude that Solaria has exceeded Rule 33's presumptive limit.

Next, the Court considers whether Interrogatory No. 2 is unreasonably broad in asking for "all facts" and an explanation "in detail" of "all bases" for GCL's defenses, as well as "all documents related thereto." GCL cites no authority for its position that such an interrogatory is improper, particularly where the interrogatory seeks the factual bases for defenses GCL has pled in its answer. *See, e.g., Subramani v. Wells Fargo Bank, N.A.,* No. 13-CV-01605-SC, 2014 WL 7206888, at *2 (N.D. Cal. Dec. 18, 2014) ("interrogatories directing a plaintiff to state facts supporting contentions in his complaint are entirely appropriate") (internal quotes omitted); *Tennison v. City & Cnty. of San Francisco*, 226 F.R.D. 615, 618 (N.D. Cal. 2005) (granting motion to compel answers to interrogatories asking plaintiff to state all facts supporting a claim). While the Court agrees that it would be unduly burdensome to require GCL to provide a detailed narrative of its entire defense case and a list of every "related" document, it is not unduly burdensome for GCL to identify its defenses, state the factual bases for those defenses, and identify the documents that support those defenses.

Finally, the Court is not persuaded by GCL's last argument. A document request is not duplicative of an interrogatory merely because the interrogatory asks a party to identify a

1 document it must produce in response to a document request.

2 Accordingly, GCL must supplement its response to Interrogatory No. 2. Its answer must
3 identify each defense it asserts to Solaria's breach of contract claim and for each such defense, it
4 must describe the factual bases for the defense and identify the documents that support the
5 defense.

### III. CONCLUSION

GCL must supplement its responses to Solaria's interrogatories as the Court directs above. The supplemental responses must be served by **June 4, 2021** unless the parties agree to a different date.

**IT IS SO ORDERED.**

Dated: May 21, 2021

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge