UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE SOLARIA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>GCL SYSTEM INTEGRATION TECHNOLOGY CO., LTD.,<br><br>Defendant. | Case No. 20-cv-07778-BLF (VKD)<br><br>**ORDER RE AUGUST 24, 2021 DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 31 |

Plaintiff Solaria Corporation ("Solaria") and defendant GCL System Integration Technology Co. ("GCL") ask the Court to resolve a dispute concerning the depositions of GCL's Rule 30(b)(6) witness and of Yeung Man Chung Charles. Dkt. No. 31. Neither party requests a hearing, and the Court finds this matter suitable for resolution without one. *See* Civil L.R. 7-1(b).

Having considered the parties' submission, the Court orders as follows:

**1.  Rule 30(b)(6) deposition of GCL**

As required by Rule 30(b)(6) of the Federal Rules of Civil Procedure, GCL must designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf for each of the topics in Solaria's notice. Solaria asserts, and GCL does not dispute, that GCL has raised no objections to the noticed topics. The parties appear to have communicated on several occasions regarding this deposition since July 12, 2021 when the Solaria served its notice. Having failed to raise any objections to date, GCL may not now refuse to provide testimony on the grounds that the topics do not seek relevant and proportional discovery or that they are not described with reasonable particularity. *See* Fed. R. Civ. P. 30(b)(6) (requiring parties to confer in good faith promptly after notice is served about the matters for examination). Other objections

1    may be raised, if appropriate, during the deposition as permitted by Rule 30(c)(2).

2        Unless the parties agree otherwise, GCL must make its designees available for a video

3    conference deposition on or before September 10, 2021.[1]  GCL shall identify its designees and

4    their dates of availability by **August 30, 2021**.

5        **2.    Individual deposition of Yeung Man Chung Charles**

6        Solaria describes Mr. Charles as "affiliated with GCL," and served a notice on GCL for his

7    individual deposition as a party witness. Dkt. No. 31 at 1. GCL says:

8-12
> GCL, as practical matter, *cannot* provide dates for the deposition [of Mr. Charles] because GCL has been unable to locate [him], despite repeated efforts to contact or locate him. . . . [D]espite Solaria's claims otherwise, GCL did not state in its initial disclosures that [Mr. Charles] could be contacted through counsel nor is he either a current or former employee of the GCL entity that is party to this action. Accordingly, GCL is under no obligation to produce [Mr. Charles] and . . . the deposition notice served is ineffective.

13   *Id.* at 2. Apparently, GCL did not advise Solaria that it considered the deposition notice

14   ineffective, or that GCL's counsel did not represent Mr. Charles or have authority to act on the

15   notice for his deposition, or that GCL's counsel could not contact or locate Mr. Charles until the

16   parties prepared their discovery dispute letter for submission to the Court. *See id.*

17       The Court is disappointed by GCL's counsel's conduct. At a minimum, professional

18   courtesy would have required GCL's counsel to promptly advise Solaria that Mr. Charles was not

19   a party witness and that GCL had no ability to produce him for deposition, if that is the case.

20   Moreover, it is not clear from GCL's representations that Mr. Charles is not a party witness whose

21   testimony may compelled by notice, as it is not clear what his relationship is to GCL.

22       In these circumstances, the Court orders that by **August 30, 2021**, unless the parties agree

23   otherwise: (1) GCL must advise Solaria of the precise nature and extent of Mr. Charles's role in or

24   relationship to GCL; (2) GCL's counsel must advise Solaria of whether counsel represents Mr.

25   Charles and is authorized to accept service of a subpoena or other process on his behalf, if

---

[1] The parties may agree to conduct discovery outside of any discovery deadlines set by the presiding judge, but they cannot agree to extend those deadlines without a court order.

necessary; and (3) if Mr. Charles is not a party witness, and if GCL's counsel will not accept service of a subpoena or other process for his deposition, then GCL and its counsel must provide Mr. Charles's last known contact information to Solaria so that Solaria may take steps to compel Mr. Charles's deposition if it wishes.

**IT IS SO ORDERED.**

Dated: August 25, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge