UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE SOLARIA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>GCL SYSTEM INTEGRATION TECHNOLOGY CO., LTD.,<br><br>Defendant. | Case No. 20-cv-07778-BLF (VKD)<br><br>**INTERIM ORDER RE SEPTEMBER 15, 2021 DISCOVERY DISPUTE RE RULE 30(B)(6) DEPOSITION OF GCL**<br><br>Re: Dkt. No. 34 |

Plaintiff Solaria Corporation ("Solaria") and defendant GCL System Integration Technology Co. ("GCL") ask the Court to resolve a further dispute concerning Solaria's Rule 30(b)(6) deposition of GCL. Dkt. No. 34. The Court held a hearing on the matter on September 21, 2021. Dkt. No. 36.

The parties previously agreed that fact discovery must be completed by September 10, 2021. Dkt. No. 25.[1] As recounted in the Court's prior order, Solaria served a Rule 30(b)(6) deposition notice on GCL on July 12, 2021. Dkt. No. 32 at 1. As of August 24, 2021, GCL had not designated a corporate representative to testify on its behalf in response to the notice. *Id*. at 2. Accordingly, the Court ordered GCL to designate a representative by August 30, 2021, and to make that person available for a video deposition on or before September 10, 2021. *Id*.

On August 30, 2021 GCL designated an employee, Ms. Xu Jing, who resides in China, as its corporate representative for the Rule 30(b)(6) deposition. Dkt. No. 34 at 1, 2. It concedes that Ms. Jing has no personal knowledge of the matters listed in Solaria's Rule 30(b)(6) notice. Dkt.

---

[1] The presiding judge has not yet acted on the parties' proposed pre-trial schedule.

No. 36.

GCL is a Chinese corporation with affiliates in many different countries. Dkt. No. 34 at 2, 3. In its initial disclosures, GCL identified no employees with information bearing on the claims or defenses in the case. *Id.* at 2. Ms. Jing, its corporate designee, was not among the witnesses identified in GCL's initial disclosures. GCL emphasizes that any witness it selects as its corporate designee must be provided with the information necessary to respond to Solaria's questions, as it has no employees with personal knowledge. Dkt. No. 31 at 2 ("Once identified, [the designee] will require significant preparation so he or she can testify on those topics, which are almost exclusively within the personal knowledge of individuals no longer employed by GCL."). Alternatively, GCL may elect to designate a knowledgeable former employee to testify on its behalf if that former employee consents to do so. *See* Fed. R. Civ. P. 30(b)(6).

According to the United States Department of State, China does not permit the taking of depositions, whether voluntary or compelled, absent a successful request for permission to obtain such evidence made in accordance with the requirements of the Hague Evidence Convention. *See* https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html ("Obtaining Evidence in Civil and Commercial Matters," "Taking Voluntary Depositions of Willing Witnesses"). Pursuant to Article 3 of the Convention, a party requesting a deposition of a person in China must "specify . . . the names and addresses of the persons to be examined; [and] . . . the questions to be put to the persons to be examined or a statement of the subject-matter about which they are to be examined." Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, art. 3(e), (f), Mar. 18, 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444 (codified at 28 U.S.C. § 1781). Although it is not clear how long it might take to obtain permission from China to take a deposition, or even whether such permission would be granted, it appears that a request that complies with the Convention requires, among other things, identification of the person to be deposed.

The Court will not order Ms. Jing or any other person to participate in a deposition in contravention of Chinese law, nor will the Court order a witness to travel from China to the United States or to some other location if such travel would contravene current public health restrictions.

However, the record reflects that GCL has not cooperated in the conduct of discovery and that its conduct has prejudiced Solaria's ability to obtain discovery. In particular, GCL unreasonably delayed seven weeks before identifying a corporate designee, and by the time GCL advised Solaria that it designated Ms. Jing, an employee who resides in China, Solaria had no meaningful opportunity to seek permission to take Ms. Jing's deposition pursuant to the Hague Evidence Convention before the agreed deadline for completion of fact discovery.

In these circumstances, the Court directs the parties to confer further regarding a resolution of this dispute. Specifically, the parties must confer about the following matters:

1. Whether GCL can provide a corporate designee who is prepared to testify regarding the topics listed in Solaria's Rule 30(b)(6) notice, and who can be deposed by remote video means (or in person in the United States) without violating the laws of the jurisdiction in which the designee is located or any applicable public health restrictions, on or before October 15, 2021.

2. Whether, in the alternative, Solaria can obtain the discovery it requires by means of interrogatories and/or requests for admissions to be answered by GCL clearly and completely by October 15, 2021.

By **September 28, 2021**, the parties shall jointly report to the Court regarding their further efforts to resolve this dispute and any agreement reached. If they have not reached agreement, the parties shall advise the Court of their respective proposals for resolution of the dispute. Each party's proposal may not exceed 500 words.

**IT IS SO ORDERED.**

Dated: September 21, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge