UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE SOLARIA CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GCL SYSTEM INTEGRATION TECHNOLOGY CO., LTD.,<br><br>　　　　　Defendant. | Case No. 20-cv-07778-BLF (VKD)<br><br>**ORDER RE SEPTEMBER 28, 2021 DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 38 |

Plaintiff Solaria Corporation ("Solaria") and defendant GCL System Integration Technology Co. ("GCL") ask the Court to resolve a dispute concerning Solaria's response to GCL's Interrogatory No. 6 and Requests for Production Nos. 23 and 24. Dkt. No. 38. The Court finds this matter suitable for resolution without a hearing. *See* Civil L.R. 7-1(b).

As explained below, the Court will not require Solaria to supplement its interrogatory and document requests responses.

**I.　BACKGROUND**

In this action, Solaria sues GCL for breach of contract for non-payment. Dkt. No. 1. GCL denies liability to Solaria for breach of contract and asserts several defenses. *See* Dkt. No. 12; Dkt. No. 38-5 at 2 (describing affirmative defenses).

As relevant to this dispute, GCL seeks discovery of documents and information concerning the "amount of prepaid megawatts" used by GCL under the parties Technology Cross License Agreement ("TCLA"). Specifically, GCL moves to compel responses to the following requests:

　　Interrogatory No. 6: Describe in detail the amount of prepaid megawatts
　　used by GCL under the TCLA.

> Request for Production No. 23: All documents related to the amount of prepaid megawatts used by GCL under the TCLA.
>
> Request for Production No. 24: All communication concerning the amount of prepaid megawatts used by GCL under the TCLA.

Dkt. No. 38-2 at 6; Dkt. No. 38-1 at 7. GCL says that it used only a small fraction of the megawatts for which it paid Solaria under the TCLA and that this discovery is relevant to its defense to Solaria's claims of non-payment. Dkt. No. 38 at 2-4.

Solaria objects to these discovery requests on several grounds, including that this dispute was not timely raised, that the discovery is not relevant to any claim or defense, and that the materials are already within GCL's possession. *Id.* at 4-5.

## II.   DISCUSSION

The Court first considers whether this dispute is timely submitted. On March 12, 2021, Judge Freeman ordered the parties to "submit a stipulation and order setting all deadlines not set by the Court below, including discovery cut-offs . . . ." Dkt. No. 21. On April 23, 2021, the parties filed a "Joint Case Management Statement" proposing a fact discovery deadline of September 10, 2021. Dkt. No. 25. That statement did not include a proposed order, and no order has been entered. Although the parties have repeatedly noted these circumstances in their discovery dispute submissions, neither has taken any steps to obtain an order adopting these dates or seeking different dates. At present, the Court treats September 10, 2021 as the date on which the parties have, by stipulation, agreed that fact discovery must be completed. In these circumstances, Civil Local Rule 37-3 does not necessarily render GCL's efforts to compel discovery untimely.

The Court next considers Solaria's objection that the discovery is not relevant to any claim or defense. Solaria focuses on GCL's description of its defenses in response to Solaria's Interrogatory No. 2. See Dkt. No. 38 at 4. Solaria argues that none of GCL's defenses includes any reference to usage of prepaid megawatts and, therefore, discovery relating to that issue is not relevant to any defense in the case. *Id.* GCL argues that it is "seeking discovery on exactly the issue identified in its Court-ordered discovery responses—the utility of the contract falling short of expectations." *Id.* The Court assumes that GCL refers to the following assertion in its answer to

Solaria's Interrogatory No. 2: "The value derived by GCL SI from the agreement between the parties, ultimately, was not commensurate with the payments required under those agreements, which makes payment of the full fee schedule unfair and incongruent with the value received by GCL SI."  Dkt. No. 38-5 at 3.  However, even if the Court's assumption is correct, GCL does not clearly explain how information about its usage of "prepaid megawatts" in a particular amount or communications about its usage relate to a defense that the contract was unfair—assuming that is GCL's defense here.  The Court will not guess about what the connection might be.

Finally, the Court considers Solaria's objection that information about GCL's usage of prepaid megawatts under the TCLA is information within GCL's possession, custody, or control.  The Court construes this as an objection that GCL's discovery requests are not proportional to the needs of the case because GCL's access to the information is superior to or at least as good as Solaria's.  *See* Fed. R. Civ. P. 26(b)(1) (proportionality requires consideration of "the parties' relative access to relevant information").  GCL says that it wishes to know Solaria's "position on how and why [a pre-determined number of megawatts] came about or how and why the usage fell *far short* of that number," and that GCL does not have this information.  Dkt. No. 38 at 3-4.  That may be, but GCL's Interrogatory No. 6 and Requests for Production Nos. 23 and 24 do not seek information about Solaria's views on the negotiation of the contract or why GCL's usage fell short; these discovery requests are limited to documents related to, communications concerning, and a description in detail of the "*amount* of prepaid megawatts *used* by GCL".  GCL does not dispute that it already has this information.

**III.   CONCLUSION**

For the reasons explained above, the Court denies GCL's request for an order requiring Solaria to supplement its responses to GCL's Interrogatory No. 6 and Requests for Production Nos. 23 and 24.

In addition, the Court strongly encourages the parties to consider whether they have fully complied with Judge Freeman's March 12, 2021 order and whether a further submission to Judge

3

Freeman regarding scheduling matters may be warranted to avoid future unnecessary disputes.

**IT IS SO ORDERED.**

Dated: October 8, 2021

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge