1

2

3    **UNITED STATES DISTRICT COURT**

4    **NORTHERN DISTRICT OF CALIFORNIA**

5    **SAN JOSE DIVISION**

6

7    THE SOLARIA CORPORATION,                    Case No.  20-cv-07778-BLF

8                          Plaintiff,

9              v.                                **ORDER GRANTING IN PART AND
                                                 DENYING IN PART WITHOUT
10   GCL    SYSTEM    INTEGRATION               PREJUDICE PLAINTIFF'S MOTION
     TECHNOLOGY CO., LTD.,                       FOR SUMMARY JUDGMENT**
11
                          Defendant.            [Re:  ECF No. 44]
12

13            This is an action for breach of contract between companies in the solar energy industry.

14   Plaintiff Solaria Corporation ("Solaria") alleges that Defendant GCL System Integration

15   Technology Co., Ltd. ("GCL") failed to make royalty payments pursuant to a non-exclusive license

16   agreement permitting GCL to sell products containing Solaria's intellectual property in the

17   European Union, so Solaria seeks summary judgment of breach of contract and damages for the

18   missed payments plus interest and attorneys' fees.  Solaria seeks (1) $671,926.23 owed under a

19   September 4, 2020 agreement; (2) $92,909.91 in prejudgment interest; (3) $78,197.88 in attorneys'

20   fees; and (4) $1,000,000 owed on or before January 1, 2021 under an April 23, 2019 agreement, for

21   a total of $1,843,034.02.  GCL argues that it sold far less of Solaria's intellectual property than either

22   of the parties expected it to when they entered the agreements, so it raises various contract defenses

23   to keep Solaria from enjoying what GCL argues would be a significant windfall under the

24   agreements.  In addition to arguing that GCL's defenses fail to raise an issue of material fact as to

25   its summary judgment motion, Solaria moves to strike GCL's defenses because GCL failed to either

26   plead or disclose them during fact discovery.

27            Based on the below reasoning, the Court (1) GRANTS Solaria's Motion to Strike GCL's

28   defenses under Rules 16 and 37; (2) GRANTS Solaria's Motion for Summary Judgment as to GCL's

breach of contract regarding the $671,926.23 payment; and (3) DENIES WITHOUT PREJUDICE Solaria's Motion for Summary Judgment as to GCL's breach of contract regarding the January 1, 2021 $1,000,000 payment.  Further, the Court DENIES WITHOUT PREJUDICE Solaria's requests for prejudgment interest and attorneys' fees.

## I.    BACKGROUND

Solaria is a Delaware solar technology company that designs, develops, and sells "high-performance, high-efficiency photovoltaic (PV) solar modules and systems for residential and commercial applications," with its principal place of business in California.  *See* Complaint, ECF No. 1 ¶ 1.  GCL is a Chinese corporation with its principal place of business in the People's Republic of China, which manufactures and sells solar modules throughout the world.  *See id.* ¶ 2; Declaration of Jordan Trent Jones ("Jones Decl."), ECF No. 44-1, Ex. B.

On November 14, 2017, Solaria and GCL entered into a Technology Cross License Agreement ("TCLA") as part of the settlement of a trade secrets action in California Superior Court, titled *Solaria Corporation v. GCL Solar Energy, Inc.*, Case No. RG16830545.  *See* Jones Decl., ECF No. 44-1, Ex. A, Technology Cross License Agreement ("TCLA"); Opposition, ECF No. 47 at 1.  The TCLA gave GCL a non-exclusive license to sell solar modules that incorporated Solaria's intellectual property ("Licensed Products").  *See* TCLA § 2.1.  The license permitted GCL to sell Licensed Products in any territory, excluding, for the first five years, the United States and the European Union ("EU").  *See id.* §§ 1(l), 2.1.1.  In exchange, Solaria agreed to pay royalties of $0.003 for each watt of Licensed Products ("Wp") GCL sold.  *See id.* § 3.1.

On April 23, 2019, Solaria and GCL amended the TCLA.  *See* Jones Decl., ECF No. 44-1, Ex. C, Amendment to Technology Cross License Agreement ("A-TCLA").  Lifting the TCLA restriction to sell Licensed Products in the EU, the A-TCLA licensed GCL to sell Licensed Products in the EU for ten years.  *See* A-TCLA §§ 1(c)–(f).  Further, the A-TCLA required GCL to pay the following royalties for products incorporating Solaria intellectual property sold in the EU: "(i) USD $0.003/Wp; (ii) a non-refundable prepaid royalty fee of USD $2,000,000.00 upon execution of this Amendment to be applied to royalty payments for the first 667 MWp; and (iii) additional non-refundable prepaid royalties of US $1,500,000.00 due on or before January 1, 2020 and USD

United States District Court
Northern District of California

$1,000,000.00 due on or before January 1, 2021." *See id.* § 1(e).  The A-TCLA also provided that "[f]ailure to make any of the payments when due shall be grounds for termination of the license grant provided herein."  *See id.*

GCL did not make the first $2,000,000 non-refundable prepaid royalty fee ("First A-TCLA Payment") to Solaria upon execution of the A-TCLA.  *See* Jones Decl., ECF No. 44-1, Ex. D, June 12, 2019 Payment Agreement; Motion, ECF No. 44 at 2; Opposition, ECF No. 47 at 4.  On June 12, 2019, Solaria and GCL executed a payment agreement extending the time for GCL to pay the first $2,000,000 fee until July 1, 2019.  *See* Jones Decl., ECF No. 44-1, Ex. D, June 12, 2019 Payment Agreement.  GCL paid the fee on or about June 26, 2019.  *See* Jones Decl., ECF No. 44-1 ¶ 7.

The A-TCLA provided that a second payment—additional non-refundable prepaid royalties of $1,500,000 ("Second A-TCLA Payment")—was "due on or before January 1, 2020" to Solaria. *See* A-TCLA § 1(e).  GCL did not make the second payment by January 1, 2020.  *See* Jones Decl., ECF No. 44-1 ¶ 9.  On March 16, 2020, Solaria and GCL executed a payment agreement that split the second A-TCLA payment into two payments of $750,000 plus interest—one due on March 31, 2020 and the second due on June 30, 2020.  *See* Jones Decl., ECF No. 44-1, Ex. F, March 16, 2020 Payment Agreement § 1.1.  GCL made the first of the two $750,000 payments on or about March 31, 2020.  *See* Jones Decl., ECF No. 44-1 ¶ 11.  But GCL failed to make the second payment on June 30, 2020.  *See id.* ¶ 12.  And on July 29, 2020, GCL paid Solaria only an additional $100,000.  *See id.*

On September 4, 2020, Solaria and GCL executed a payment agreement for the remaining balance due on the second installment of the March 16, 2020 Payment Agreement with interest, requiring GCL to pay (1) $200,000 plus interest by September 30, 2020; (2) $200,000 plus interest by October 31, 2020; and (3) $271,926.23 plus interest by November 30, 2020.  *See* Jones Decl., ECF No. 44-1, Ex. G, September 4, 2020 Amendment to Payment Agreement § 1.1; Jones Decl., ECF No. 44-1 ¶ 13.  GCL made none of these payments.  *See* Jones Decl., ECF No. 44-1 ¶ 16.

The A-TCLA further provided that a third payment—additional non-refundable prepaid royalties of $1,000,000 ("Third A-TCLA Payment")—was "due on or before January 1, 2021" to Solaria.  *See* A-TCLA § 1(e).  GCL did not make this payment by January 1, 2021.  *See* Jones Decl.,

United States District Court
Northern District of California

ECF No. 44-1 ¶ 16.

During 2019 and 2020, GCL sold approximately 1.39 MWp of Licensed Products in the European Union.  *See* Declaration of Tony Tootell ("Tootell Decl."), ECF No. 47-1, Ex. 16 at 5, 8; Tootell Decl., ECF No. 47-1 ¶ 16.  In total, GCL has paid Solaria approximately $2,871,923.23 so far pursuant to the A-TCLA and the ensuing payment agreements.  *See* Opposition, ECF No. 47 at 6.

Solaria filed suit on November 4, 2020.  *See* Complaint, ECF No. 1.  On April 23, 2021, Solaria informed the Court that it would be filing an early summary judgment motion, and the parties proposed an expedited schedule whereby fact discovery closed on September 10, 2021.  *See* Joint Case Management Statement, ECF No. 25.  The Court scheduled a hearing on Solaria's early summary judgment motion for December 2, 2021.  Fact discovery closed on September 10, 2021, except for the parties' Rule 30(b)(6) depositions, which were completed in October.  *See* ECF No. 46.

Solaria filed a Motion for Summary Judgment on October 28, 2021, arguing that the Court should find as a matter of law that GCL owes it at least $1,843,034.02, including (1) $671,926.23 owed under the September 4, 2020 Payment Agreement; (2) $92,909.91 in interest as of October 27, 2021; (3) $78,197.88 in attorneys' fees as of October 27, 2021; and (4) $1,000,000 owed under the Third A-TCLA Payment as of January 1, 2021.  *See* Motion, ECF No. 44 at 4–5.  GCL opposed, arguing that (1) it is ambiguous whether the A-TCLA required payment of the Second or Third A-TCLA Payments if GCL did not sell the 667 MWp of Licensed Products covered by the First A-TCLA Payment; (2) GCL's performance under the A-TCLA should be excused under the frustration of purpose doctrine or the A-TCLA should be reformed under the mutual mistake doctrine based on GCL's sale of only 1.39 MWp of Licensed Products in the EU during 2019 and 2020; (3) Solaria's Motion is premature under Rule 56(d); and (4) GCL does not owe the Third A-TCLA Payment, attorneys' fees, or prejudgment interest.  *See* Opposition, ECF No. 47.  On reply, Solaria argues, *inter alia*, that GCL's breach of contract defenses should be stricken or found to be waived, since GCL did not plead those defenses or disclose them during fact discovery despite Solaria's diligence and multiple court orders.  *See* Reply, ECF No. 52.

United States District Court
Northern District of California

## II.   LEGAL STANDARD

### A.   Motion for Summary Judgment

"A party is entitled to summary judgment if the 'movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable trier of fact to decide in favor of the nonmoving party. *Id.*

The party moving for summary judgment bears the initial burden of informing the Court of the basis for the motion and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). In judging evidence at the summary judgment stage, the Court "does not assess credibility or weigh the evidence, but simply determines whether there is a genuine factual issue for trial." *House v. Bell*, 547 U.S. 518, 559–60 (2006). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Celotex*, 477 U.S. at 325; *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

If the moving party meets its initial burden, the burden shifts to the nonmoving party to produce evidence supporting its claims or defenses. *Nissan Fire*, 210 F.3d at 1103. If the nonmoving party does not produce evidence to show a genuine issue of material fact, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. "The court must view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor." *City of Pomona*, 750 F.3d at 1049. "[T]he 'mere existence of a scintilla of evidence in support of the [nonmovant's] position'" is insufficient to defeat a motion for summary judgment.

*Id.* (quoting *Anderson*, 477 U.S. at 252). "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" *Id.* at 1049–50 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

### B.    Motion to Strike – Rules 16 and 37

Under Federal Rule of Civil Procedure 16(f), a court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C).  Under Federal Rule of Civil Procedure 37, "[i]f a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court . . . may . . . prohibit[] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence . . . [or] strik[e] pleadings in whole or in part[.]" Fed. R. Civ. P. 37(b)(2)(A)(ii)–(iii).  Rule 16 is "broadly remedial and its purpose is to encourage forceful judicial management." *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986). Courts order sanctions under Rule 16 for violation of an order where "[d]isregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

### III.    DISCUSSION

### A.    Motion to Strike – Rules 16 and 37

Solaria moves to strike the defenses of (1) ambiguity, (2) frustration of purpose, and (3) mutual mistake GCL raises in its Opposition because GCL did not plead or disclose them during discovery in violation of multiple Court orders.  *See* Reply, ECF No. 52 at 3–5.  Solaria argues that GCL did not disclose any of the defenses it raises in its Opposition during discovery—not in its Answer to the Complaint, in its interrogatory responses, or otherwise.  *See id.* at 3.  Solaria argues that it would be prejudiced if GCL were allowed to proceed with its defenses in violation of multiple court orders in an effort to defeat Solaria's summary judgment motion, when it failed to disclose these defenses during discovery despite Solaria's active efforts to seek details of GCL's defenses.

United States District Court
Northern District of California

*See id.* at 5.  In addition to seeking to strike GCL's defenses, Solaria argues that GCL waived its affirmative defenses by not pleading them in its Answer.  *See* Reply, ECF No. 52 at 1–3.

Solaria argues that in waiting until its Opposition to disclose its defenses, GCL violated three court orders.  First, Solaria argues that GCL's conduct violated the parties' agreed schedule, which set the close of fact discovery for September 10, 2021.  *See* Reply, ECF No. 52 at 3; Joint Case Management Statement, ECF No. 25; Order on the Parties' Joint Stipulation Regarding Discovery, ECF No. 46; Joint Stipulation Regarding Discovery, ECF No. 43.

Second, Solaria argues that GCL violated a discovery order of Magistrate Judge DeMarchi directing GCL to provide responses to Solaria's interrogatories.  *See* Reply, ECF No. 52 at 3–4.  In a joint discovery letter brief, Solaria moved to compel GCL to respond to its first interrogatory, which stated, "If GCL contends it does not owe Solaria any of the following payments, state all facts and explain in detail why each payment is not owed and identify all documents related thereto," followed by a table of the payments provided by the A-TCLA and the payment agreements.  *See* Joint Discovery Letter Brief, ECF No. 28, Ex. 1, Plaintiff's First Set of Interrogatories (Nos. 1-2) at 2.  Solaria argued in the letter brief that GCL failed to provide any response as to four payments at issue in the present summary judgment motion:  "(1) a $200,000.00 payment that was due September 30, 2020; (2) a $200,000.00 payment that was due October 31, 2020; (3) a $271,926.23 payment that was due November 30, 2020; and (4) a $1,000,000.00 payment that was due January 1, 2021."  *See* Joint Discovery Letter Brief, ECF No. 28 at 1.  In response, GCL argued that "[t]he construction of Interrogatory No. 1 stated '[i]f GCL contends it does not owe Solaria any of the following payments [then answer the following three questions]'—implicitly meaning that if the conditional first question is answered in the negative, no response is required. . . . That is exactly how GCL responded."  *See id.* at 3.  In Judge DeMarchi's order regarding the parties' joint letter brief, she stated that the Court "understands that GCL is not disputing it owes the four payments to Solaria. . . . If the Court's interpretation of GCL's position is incorrect, GCL must supplement its response to Interrogatory No. 1 to clarify its position.  If it has not done so already, GCL must identify all documents on which it relies in support of any contention that it does not owe a particular payment."  *See* Order Re May 5, 2021 Discovery Dispute Letter, ECF No. 29 at 2–3.  Solaria asserts

that GCL never supplemented its response to Interrogatory No. 1 following Judge DeMarchi's order. *See* Reply, ECF No. 52 at 4; Jones Decl., ECF No. 44-1, Ex. J, Defendant's Second Supplemental Response to Plaintiff's First Set of Interrogatories (Nos. 1–2). Accordingly, Solaria argues that in disputing that it owes the payments in its Opposition, GCL is in violation of Judge DeMarchi's order requiring it to supplement its response to Solaria's Interrogatory No. 1 if it was disputing that it owed any of the payments. *See* Reply, ECF No. 52 at 3–4.

Third, Solaria argues that in waiting until its Opposition to Solaria's summary judgment motion to disclose facts about its ambiguity, frustration of purpose, and mutual mistake defenses, GCL violated the same discovery order from Judge DeMarchi regarding Solaria's Interrogatory No. 2. *See* Reply, ECF No. 52 at 4. Solaria's Interrogatory No. 2 stated the following: "State all facts in support of, and explain in detail all bases for, each of your defenses (both affirmative and non-affirmative) to Solaria's claim for breach of contract and identify by Bates number all documents related thereto." *See* Joint Discovery Letter Brief, Ex. 1, Plaintiff's First Set of Interrogatories (Nos. 1-2) at 3. After GCL responded by objecting to Solaria's Interrogatory No. 2 as cumulative of Solaria's First Set of Requests for Production and referring Solaria to GCL's response to those Requests, Solaria moved to compel GCL to make an additional response. *See* Joint Discovery Letter Brief, ECF No. 28. Judge DeMarchi granted Solaria's request, stating that "GCL must supplement its response to Interrogatory No. 2. Its answer must identify each defense it asserts to Solaria's breach of contract claim and for each such defense, it must describe the factual bases for the defense and identify the documents that support the defense." Order Re May 5, 2021 Discovery Dispute Letter, ECF No. 29 at 3–5. GCL subsequently supplemented its response to Solaria's Interrogatory No. 2, but only to state that it did not owe certain payments identified by Solaria as part of its damages because it had made those payments to Solaria. *See* Jones Decl., ECF No. 44-1, Ex. J, Defendant's Second Supplemental Response to Plaintiff's First Set of Interrogatories (Nos. 1–2).

The Court agrees with Solaria. By waiting until its Opposition to Solaria's Motion for Summary Judgment to disclose its defenses to Solaria's breach of contract claim, GCL violated this Court's scheduling order that was entered on the parties' agreed discovery schedule, including

United States District Court
Northern District of California

8

United States District Court
Northern District of California

briefing dates for this early summary judgment motion, and Judge DeMarchi's May 21, 2021 discovery order.  GCL's conduct is particularly egregious given that during fact discovery, GCL affirmatively represented that it did not contest that it owed Solaria the remainder of the Second A-TCLA Payment due under the September 4, 2020 Payment Agreement or the Third A-TCLA Payment.  *See* Joint Discovery Letter Brief, ECF No. 28 at 3.  Now that discovery has closed, GCL has changed course and contests that it owes those payments after all.  *See* Opposition, ECF No. 47 at 10–16.  Allowing GCL to proceed with this strategy would be "reward[ing] the indolent [or] the cavalier." *Mammoth Recreations*, 975 F.2d at 610.

GCL argues that it "supplemented its [interrogatory] responses with regard to its defenses." Opposition, ECF No. 47 at 6.  To the contrary, it appears that even in the supplemental interrogatory response GCL served following Judge DeMarchi's discovery order regarding Solaria's Interrogatory Nos. 1 and 2, GCL did not disclose the defenses—ambiguity, frustration of purpose, or mutual mistake—it seeks to rely on now.  *See* Jones Decl., ECF No. 44-1, Ex. J, Defendant's Second Supplemental Response to Plaintiff's First Set of Interrogatories (Nos. 1–2).  GCL also argues that it "stated that discovery was ongoing and reserved its right to supplement its response as discovery was ongoing and trial was not set for over two years away."  Opposition, ECF No. 47 at 6.  GCL is correct that when it served its supplemental interrogatory response following Judge DeMarchi's discovery order on June 4, 2021, discovery was ongoing until September 10, 2021 according to the parties' agreed schedule.  *See* Joint Case Management Statement, ECF No. 25; Jones Decl., ECF No. 44-1, Ex. J, Defendant's Second Supplemental Response to Plaintiff's First Set of Interrogatories (Nos. 1–2).  But GCL has provided no evidence that it supplemented its responses to Solaria's Interrogatory Nos. 1 and 2 again after the June 4, 2021 response.  *See* Opposition, ECF No. 47 at 6; Reply, ECF No. 52 at 3–4.  And now fact discovery has closed.  *See* Order on the Parties' Joint Stipulation Regarding Discovery, ECF No. 46.

While the Court finds based on the evidence that it could strike GCL's defenses under Rules 16 and 37, the Court finds it appropriate to consider GCL's arguments on the merits in order to resolve these issues fairly to the parties.  Accordingly, while the Court recognizes that GCL did not plead or disclose its ambiguity, frustration of purpose, or mutual mistake defenses before the

close of fact discovery, and in fact GCL affirmatively represented that it was *not* challenging that it owed payments under the A-TCLA and subsequent payment agreements that it now challenges under these theories, the Court declines to strike GCL's ambiguity, frustration of purpose, or mutual mistake defenses or find that GCL waived any of these defenses.

### B.    Motion for Summary Judgment

Solaria moves for summary judgment that GCL breached the A-TCLA and subsequent payment agreements by (1) not paying Solaria the entirety of the Second A-TCLA Payment with interest, which under the September 4, 2020 Payment Agreement was due as separate payments of $200,000 on September 30, 2020, $200,000 on October 31, 2020, and $271,926.23 on November 30, 2020 and (2) not paying Solaria any of the Third A-TCLA Payment with interest, which under the A-TCLA was due as of January 1, 2021.[1]  *See* Motion, ECF No. 44 at 4–6.  Further, Solaria moves for summary judgment that it is entitled to $78,197.88 in attorneys' fees and $92,909.91 in prejudgment interest.  *See id.*  GCL argues that (1) Solaria's summary judgment motion is premature under Rule 56(d), because Solaria has impeded discovery; (2) the A-TCLA is ambiguous as to whether it required the payments GCL failed to pay; and (3) Solaria fails to establish breach as a matter of law because (a) GCL's performance was excused under the frustration of purpose doctrine, and (b) the A-TCLA should be reformed under the mutual mistake doctrine; and (3) Solaria cannot recover the Third A-TCLA Payment, attorneys' fees, or prejudgment interest.  *See* Opposition, ECF No. 47 at 10–20.  The Court considers each issue in turn.

#### 1.    Rule 56(d)

GCL argues that Solaria's Motion for Summary Judgment should be denied as premature under Rule 56(d).  *See* Opposition, ECF No. 47 at 16–18.  Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:  (1) defer considering the motion or deny it; (2) allow time to obtain

---

[1] As outlined below, the Court finds that Solaria cannot seek the Third A-TCLA Payment under the operative complaint.  Accordingly, the Court does not address any disputes related to the Third A-TCLA Payment in its analysis regarding Solaria's summary judgment motion.

affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  Fed. R. Civ. P. 56(d).  To prevail on a Rule 56(d) request, the party seeking relief must show that "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment."  *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).  The party must also show that he or she has pursued discovery diligently in the past and that additional discovery would prevent summary judgment.  *Iglesia Ni Cristo v. Cayabyab*, Case No. 18–cv–00561–BLF, 2020 WL 1531349, at *6 (N.D. Cal. Mar. 31, 2020) (citing *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001)).

GCL's complaint that this Motion is premature flies in the face of its stipulation to schedule an early summary judgment motion.  In March 2021, Solaria raised the issue of filing an early motion for summary judgment at the initial case management conference.  On April 23, 2021, the parties submitted a stipulated briefing schedule.  *See* ECF No. 25.  The Court accommodated the request and set the hearing on the preferred date identified by the parties.  There was no surprise to GCL here.  However, the Court will consider GCL's current grievance about the early summary judgment under Rule 56(d).

GCL argues that Solaria's Motion for Summary Judgment is premature for two reasons.  First, GCL argues that after GCL proposed Rule 30(b)(6) witnesses residing in China and Japan, which would have required delays to set up a deposition, Solaria insisted GCL produce a Rule 30(b)(6) witness that could be immediately deposed.  *See* Opposition, ECF No. 47 at 7–8, 16–17.  This required GCL to designate Hu Huiming, an independent contractor for GCL's Canadian entity who was unaware of many relevant facts.  *See id.*  GCL also argues that Solaria took a "rushed and incomplete deposition" of Mr. Huiming.  *See id.* at 17.  Second, GCL argues that Solaria hindered its ability to conduct a productive Rule 30(b)(6) deposition of Solaria by objecting to GCL's deposition topics and failing to designate a knowledgeable Rule 30(b)(6) representative.  *See* Opposition, ECF No. 47 at 8–9, 17–18.  GCL argues that instead of designating a Rule 30(b)(6) representative knowledgeable of the negotiation and execution of the agreements at issue in this case like Suvi Sharma or Tony Alvarez, who have worked at Solaria since 2017, Solaria designated

its ill-prepared chief counsel Jordan Trent Jones. *See id.* at 17–18. GCL argues did not know anything regarding the negotiation and execution of the parties' agreements or Solaria's expectation of GCL's sales of the Licensed Products and did not speak to those knowledgeable at Solaria. *See* Opposition, ECF No. 47 at 17–18. GCL points to excerpts from his deposition transcript where he stated, *inter alia*, that he did not know details of how the agreements were drafted or negotiated, that he had not reviewed documents outside of the agreements in preparation for his deposition, and that he had not spoken to anyone other than counsel. *See* Opposition, ECF No. 47 at 8–9, 17–18.

In response to GCL's arguments about its own Rule 30(b)(6) deposition, Solaria argues that (1) Solaria was not required to depose *any* GCL witness before moving for summary judgment and (2) if GCL wanted to use the testimony of other witnesses in opposing Solaria's summary judgment motion, it could have attached declarations from such witnesses to its opposition—which it failed to do. *See* Reply, ECF No. 52 at 12. In response to GCL's arguments about Solaria's Rule 30(b)(6) deposition, Solaria points out that (1) to the extent GCL thought that other Solaria employees were more knowledgeable, it could have deposed them during fact discovery, but it chose not to, and (2) GCL never met and conferred with Solaria about the preparedness of Mr. Jones or moved for a further deposition. *See id.* at 12–13.

GCL's arguments regarding its Rule 30(b)(6) witness are unavailing. Solaria is correct that it was not required to depose any GCL witness before moving for summary judgment. *See* Reply, ECF No. 52 at 12. If GCL had witnesses that could testify to facts essential to opposing Solaria's summary judgment motion, it could have attached declarations from those witnesses to its opposition. But GCL did not take this approach, and it fails to identify any specific facts that these witnesses could have testified to. Moreover, GCL's argument regarding Solaria's "insist[ence]" that it provide a Rule 30(b)(6) witness outside of China hides the impact of GCL's own unreasonable discovery conduct. In her September 21, 2021 discovery order regarding the parties' dispute over GCL's Rule 30(b)(6) deposition, Judge DeMarchi stated the following:

> [T]he record reflects that GCL has not cooperated in the conduct of discovery and that its conduct has prejudiced Solaria's ability to obtain discovery. In particular, GCL unreasonably delayed seven weeks before identifying a corporate designee, and by the time GCL

United States District Court
Northern District of California

1

2

3

> advised Solaria that it designated Ms. Jing, an employee who resides
> in China, Solaria had no meaningful opportunity to seek permission
> to take Ms. Jing's deposition pursuant to the Hague Evidence
> Convention before the agreed deadline for completion of fact
> discovery.

4   Interim Order Re September 15, 2021 Discovery Dispute Re Rule 30(b)(6) Deposition of GCL,

5   ECF No. 37 at 2–3.  Accordingly, the Court does not find it appropriate to fault Solaria for its

6   "insist[ence]" that GCL produce a corporate witness located outside of China.  *See Chance*, 242

7   F.3d at 1161 n.6.

8   GCL's arguments regarding Solaria's Rule 30(b)(6) deposition fare no better.  First, GCL

9   cannot point to any efforts it made to remedy the alleged insufficiency of the Rule 30(b)(6)

10  deposition of Mr. Jones for GCL's discovery of relevant facts.  Solaria points out that GCL did not

11  seek relief earlier—instead, choosing to raise issues with Solaria's Rule 30(b)(6) deposition in its

12  Opposition to Solaria's summary judgment motion.  *See* Reply, ECF No. 52 at 12–13.  The Court

13  finds Solaria's argument persuasive, since it suggests that GCL did not pursue discovery diligently

14  in the past, which is a prerequisite for seeking relief under Rule 56(d).  *See Chance*, 242 F.3d at 1161

15  n.6.

16  Second, GCL argues that Mr. Jones was unprepared for the deposition because he "did not

17  know anything related to the negotiation and execution of the parties' agreements or Solaria's

18  expectation of GCL's usage of its IP."  *See* Opposition, ECF No. 47 at 9.  But GCL failed to plead

19  or disclose during fact discovery any of the defenses it raises now or any indication that it considered

20  the A-TCLA ambiguous.  In fact, GCL affirmatively represented during discovery that it did not

21  dispute that it owed Solaria various payments under the A-TCLA and subsequent payment

22  agreements.  *See* Joint Discovery Letter Brief, ECF No. 28 at 3.  Accordingly, it is not clear to the

23  Court how facts regarding the "negotiation and execution of the parties' agreements or Solaria's

24  expectation of GCL's usage of its IP" were relevant subject matters for which Solaria was under a

25  duty to prepare its Rule 30(b)(6) witness based on GCL's representations.  Further, GCL has made

26  no attempt to show that facts related to negotiation and execution of the parties' agreements were

27  "essential to oppose summary judgment."  *Family Home*, 525 F.3d at 827.

28  Based on the above reasoning, the Court declines to deny Solaria's summary judgment

United States District Court
Northern District of California

13

1   motion based on Rule 56(d).

2          **2.  Breach of Contract**

3         Solaria moves for summary judgment that GCL breached the A-TCLA and subsequent

4   payment agreements by not making certain payments to Solaria and that it is entitled to the

5   remainder of the Second A-TCLA Payment, the entirety of the Third A-TCLA Payment,

6   prejudgment interest, and attorneys' fees.  *See* Motion, ECF No. 44 at 4–6.  Under California law,

7   which governs the TCLA and ensuing agreements, to be entitled to damages for breach of contract,

8   a plaintiff must prove (1) a contract, (2) plaintiff's performance or excuse for nonperformance, (3)

9   defendant's breach, and (4) damage to plaintiff."  *Walsh v. W. Valley Mission Cmty. Coll. Dist.*, 66

10  Cal. App. 4th 1532, 1545 (1998); *see* TCLA, ECF No. 44-2 § 8.4(c) ("The laws of the State of

11  California shall apply, exclusive of choice of law principles."); Opposition, ECF No. 47 at 11;

12  Reply, ECF No. 52 at 9.

13        The only disputes between the parties pertain to the third and fourth elements of breach of

14  contract—GCL's breach and Solaria's damages.  GCL does not dispute that the TCLA, the

15  A-TCLA, or any of the subsequent payment agreements are valid contracts or that Solaria performed

16  under the contracts.  Rather, GCL argues that there are material disputes of fact as to whether it

17  breached the contracts because of the ambiguity of the A-TCLA and GCL's affirmative defenses of

18  frustration of purpose and mutual mistake.  *See* Opposition, ECF No. 47 at 10–16.  Further, GCL

19  argues that Solaria cannot seek damages for the Third A-TCLA Payment under the operative

20  complaint, which was filed before that payment came due on January 1, 2021, and it cannot seek

21  attorneys' fees or prejudgment interest at this stage.  *See* Opposition, ECF No. 47 at 16–20.  The

22  Court considers each of these disputes in turn.

23          a.  Ambiguity

24        The parties disagree about the interpretation of the payment provisions in the A-TCLA.  The

25  A-TCLA provides the following:

26

27          The royalty fees for the GCL SI Products sold in the EU as provided
            above shall be as follows:  (i) USD $0.003/Wp; (ii) a non-refundable

28          prepaid royalty fee of USD $2,000,000.00 upon execution of this
            Amendment to be applied to royalty payments for the first 667 MWp;

United States District Court
Northern District of California

1    and (iii) additional non-refundable prepaid royalties of USD
     $1,500,000.00 due on or before January 1, 2020 and USD
2    $1,000,000.00 due on or before January 1, 2021.  Failure to make any
     of the payments when due shall be grounds for termination of the
3    license grant provided herein.  Except as expressly provided herein,
     all other royalty rates provided in the TCLA shall remain in full force
4    and effect.

5    A-TCLA § 1(e).  GCL argues that it was only required to make the Second A-TCLA Payment once

6    it had sold enough Licensed Products to cover the 667 MWP it had already prepaid for under the

7    First A-TCLA Payment.  *See* Opposition, ECF No. 47 at 10–13.  Solaria argues that GCL was

8    required to pay the Second Payment regardless of how many Licensed Products it sold.  *See* Motion,

9    ECF No. 44 at 7–8; Reply, ECF No. 52 at 6–10.

10          In its effort to defeat Solaria's summary judgment motion, GCL argues that the language of

11   the A-TCLA is ambiguous as to which party's interpretation applies.  *See* Opposition, ECF No. 47

12   at 10–13.  Under California law, a contract must be interpreted to give effect to the mutual intention

13   of the parties at the time the contract was formed.  *See* Cal. Civ. Code § 1636.  The parties' intent is

14   determined from the language of the contract, "if the language is clear and explicit, and does not

15   involve an absurdity."  Cal. Civ. Code § 1638.  However, "[t]he proper interpretation of a contract

16   is disputable if the contract is susceptible of more than one reasonable interpretation, that is, if the

17   contract is ambiguous."  *Fremont Indem. Co. v. Fremont Gen. Corp.*, 148 Cal.App.4th 97, 114

18   (2007).  "Extrinsic evidence may be admitted if it serves to prove a meaning to which the contract

19   is reasonably susceptible."  *Shum v. Intel Corp.*, No. C–02–03262–DLJ, 2008 WL 4414722, at *6

20   (N.D. Cal. Sept. 26, 2008) (citing *Powers v. Dickson, Carlson & Campillo*, 54 Cal.App.4th 1102,

21   1111 (1997)).  Moreover, extrinsic evidence may be offered "to resolve an ambiguity," even when

22   the contract is an integrated agreement.  *See Lennar Mare Island LLC v. Steadfast Ins. Co.*,

23   176 F.Supp.3d 949, 963 (E.D. Cal. 2016) (citing California law).  "[E]ven if a contract appears

24   unambiguous on its face, a latent ambiguity may be exposed by extrinsic evidence which reveals

25   more than one possible meaning to which the language of the contract is yet reasonably susceptible."

26   *First Nat'l Mortgage Co. v. Federal Realty Inv. Trust*, 631 F.3d 1058, 1067 (9th Cir. 2011) (quoting

27   *Morey v. Vannucci*, 64 Cal.App.4th 904, 912, (1998)).

28          GCL argues that based on the plain language and the extrinsic evidence, the payment

United States District Court
Northern District of California

provision of the A-TCLA is ambiguous as to whether (1) it required GCL to make the Second A-TCLA Payment regardless of how many Licensed Products it sold or (2) it required GCL to make the Second A-TCLA Payment only once it had sold the 667 MWp of Licensed Products covered by the First A-TCLA Payment. *See* Opposition, ECF No. 47 at 10–13. GCL argues that the language of the A-TCLA providing that the initial $2,000,000 payment is "to be applied to royalty payments for the first 667 MWp" supports that GCL would only have to pay the Second A-TCLA Payment once it had sold 667 MWp of Licensed Products. *See id.* at 12. GCL further points to deposition testimony from its Rule 30(b)(6) witness indicating that the value GCL derived from the A-TCLA does not "match up" with the amount GCL was required to pay under the agreement. *See id.* (citing Tootell Decl., ECF No. 47-1, Ex. 9, Huiming Depo. Tr., 58:7–23). Further, GCL points to deposition testimony from Solaria's Rule 30(b)(6) witness indicating that the "most reasonable interpretation" of the A-TCLA is that each prepaid royalty payment covered an amount of MWp determined by the rate of $0.003/Wp, and if GCL were to exceed those amounts, then the $0.003/Wp royalty rate would apply to the excess. *See id.* (citing Tootell Decl., ECF No. 47-1, Ex. 15, Jones Depo., Jones Depo. Tr., 86:4–87:6; 87:15–87:22; 90:20–91:1). GCL further argues that its interpretation of the A-TCLA is supported by the fact that Solaria would enjoy a "significantly unfair windfall" if the contract were interpreted otherwise. *See id.* at 12–13.

In response, Solaria argues that the plain language and the extrinsic evidence do not support GCL's proffered interpretation or the ambiguity of the A-TCLA. *See* Reply, ECF No. 52 at 6–10. Solaria argues that the A-TCLA would not have provided dates for when GCL must pay the non-refundable prepaid royalty fee payments if the fees were only to become due once GCL had used the 667 Wp of Licensed Products it had previously paid for. *See id.* at 6. Moreover, Solaria argues that the "prepaid" and "nonrefundable" language in the A-TCLA further undermines GCL's interpretation, because this "necessarily means that payments must be made regardless of the amount and timing" of GCL's sales of Licensed Products. *See id.* at 6–7. Further, Solaria argues that the express terms of the March 16, 2020 and September 4, 2020 Payment Agreements extending GCL's deadline to make the Second A-TCLA Payment demonstrates there was no ambiguity that GCL owed this amount regardless of how many Licensed Products it had sold. *See id.* at 7. And

1    Solaria argues that GCL's course of conduct—paying more than half of the Second A-TLCA

2    Payment—shows that GCL believed it owed this payment.  *See id.* at 7–8.

3              The Court agrees with Solaria.  The Court finds that GCL does not raise a disputed issue of

4    material fact as to whether the language of the A-TCLA's payment provision was "reasonably

5    susceptible" to GCL's proffered interpretation.  *See First Nat'l Mortgage*, 631 F.3d at 1067.  The

6    payment deadline provided by the A-TCLA for the Second A-TCLA Payment would be extraneous

7    if GCL only had to make this payment once it had sold the 667 MWp of Licensed Products it had

8    prepaid for under the First A-TCLA Payment.  California law disfavors an interpretation of a

9    contract that yields surplus language, and GCL has provided no explanation for how the payment

10   deadlines in the A-TCLA are consistent with its interpretation of the contract.  *See, e.g.*, Cal. Civ.

11   Code § 1641 ("The whole of a contract is to be taken together, so as to give effect to every part, if

12   reasonably practicable, each clause helping to interpret the other."); *Carson v. Mercury Ins. Co.*,

13   210 Cal.App.4th 409, 420 (2012) ("An interpretation which gives effect to all provisions of the

14   contract is preferred to one which renders part of the writing superfluous, useless or inexplicable.")

15   (quoting 11 Williston on Contracts (4th ed.2012) § 32:5, p. 704); *In re Tobacco Cases I*,

16   186 Cal.App.4th 42, 49 (2010) ("We must give significance to every word of a contract, when

17   possible, and to avoid interpretation that renders a word surplusage.").  Further, the "prepaid" and

18   "nonrefundable" language in the A-TCLA is not reasonably susceptible to GCL's proposed

19   interpretation.  *See* A-TCLA § 1(e).  This language indicates that the agreement required GCL to

20   make the payments to Solaria on the dates provided for in the contract regardless of circumstances

21   like prior usage.

22             GCL primarily points to intrinsic and extrinsic evidence that the A-TCLA payments were

23   supposed to apply to a particular amount of MWp of Licensed Product sales.  GCL points to the

24   language in the A-TCLA indicating that the First A-TCLA Payment is "to be applied to royalty

25   payments for the first 667 MWp[.]"  *See* Opposition, ECF No. 47 at 12; A-TCLA § 1(e).  Further,

26   GCL points to deposition testimony from Solaria's Rule 30(b)(6) witness confirming the same

27   understanding for each of the A-TCLA payments—they each were to be applied to a particular

28   amount of MWp of Licensed Product sales at a rate of $0.003 per Wp.  *See id.* (citing Tootell Decl.,

United States District Court
Northern District of California

ECF No. 47-1, Ex. 15, Jones Depo. Tr., 86:4–87:6; 87:15–87:22; 90:20–91:1).  GCL's evidence fails to support its interpretation of the A-TCLA because that evidence is entirely consistent with Solaria's interpretation of the contract.  Even if each A-TCLA payment covered a particular amount of MWp of Licensed Product sales, those payments would still be due before GCL had used up the amount of MWp it had previously paid for.  As Solaria's Rule 30(b)(6) witness outlined in his deposition testimony, the fact that each A-TCLA payment applied to a particular amount of MWp of Licensed Product sales only meant that if GCL sold *more* than that amount of Licensed Products, then it would owe Solaria additional royalties at the $0.003 per MWp rate.  *See* Tootell Decl., ECF No. 47-1, Ex. 15, Jones Depo. Tr., 90:20–91:1 ("Solaria contemplated that it would get paid these nonrefundable prepaid royalties, and that if GCL exceeded the amounts that would be covered by the nonrefundable prepaid royalties, then a royalty rate of $0.003 per watt would then . . . be paid[.]") Solaria's Rule 30(b)(6) witness did not make any statements about what happened if GCL sold *less* than the amount of Licensed Products covered by a particular A-TCLA payment.  Accordingly, GCL's intrinsic and extrinsic evidence provides no support for GCL's interpretation of the A-TCLA or the existence of an ambiguity in the contract.  GCL's evidence is consistent with Solaria's interpretation of the A-TCLA and the "clear and explicit" meaning of the A-TCLA's language— each A-TCLA payment was due on the date provided for in the A-TCLA, regardless of how many Licensed Products GCL had sold previously.  Cal. Civ. Code § 1638.  If GCL sold amounts *in excess* of the amounts it had prepaid for, then it would have to pay Solaria additional royalties—but GCL has not presented any evidence that its payment obligations changed if it sold *less than* the amounts it had prepaid for.

Otherwise, GCL can only raise evidence and arguments regarding the unfairness of the A-TCLA.  GCL points to testimony from its Rule 30(b)(6) witness indicating that there was a "mismatch" between the A-TCLA's value for GCL and the amount GCL was required to pay under the contract.  *See* Opposition, ECF No. 47 at 12 (citing Tootell Decl., ECF No. 47-1, Ex. 9, Huiming Depo. Tr., 58:7–23).  Further, GCL points to the fact that under Solaria's interpretation of the A-TCLA, the contract represents a "significantly unfair windfall" for Solaria, because GCL has paid to sell the Licensed Products at a rate of nearly 700 times that contemplated by the TCLA.  *See id.*

United States District Court
Northern District of California

1    at 13.  The Court does not find that GCL's arguments related to the fairness of the contract raise an

2    issue of material fact as to its ambiguity, especially in light of the Court's conclusion that all of the

3    intrinsic and extrinsic evidence supports Solaria's interpretation.  GCL can point to no caselaw

4    where a court has found that the apparent unfairness of a contract is sufficient to raise an issue of

5    material fact as to its interpretation or ambiguity, particularly when no intrinsic or extrinsic evidence

6    supports that ambiguity.  Bad deals are struck every day, and contract law does not rescue the party

7    on the short end of the stick.

8            Additionally, the extrinsic evidence Solaria points to—the parties' course of dealing

9    following the execution of the A-TCLA—indicates that there was no ambiguity in how the parties

10   understood the contract at the time they entered into it.  The March 16, 2020 and September 4, 2020

11   Payment Agreements both provide the following:

12
13               Whereas, pursuant to Section 1(e)(iii) of the Amendment, GCL SI and
             Corner Star were obligated to pay a non-refundable prepaid royalty
             fee of USD $1,500,000.00 to Solaria on or before January 1, 2020[.]
14

15   *See* Jones Decl., ECF No. 44-1, Ex. F, March 16, 2020 Payment Agreement; *id.*, Ex. G, September

16   4, 2020 Payment Agreement.  GCL therefore repeatedly agreed that it owed Solaria the Second

17   A-TCLA Payment regardless of how many Licensed Products it had sold.  Further, GCL agreed that

18   it was under this obligation well into 2020, when GCL's evidence indicates that it had only sold a

19   fraction of the 667 MWp covered by the first A-TCLA payment.  *See* Tootell Decl., ECF No. 47-1,

20   Ex. 16.  Additionally, GCL paid Solaria $750,000 of the Second A-TCLA Payment on March 31,

21   2020, and an additional $100,000 on July 29, 2020.  *See* Jones Decl., ECF No. 44-1 ¶¶ 11–12.  These

22   payments directly undermine GCL's argument that the extrinsic evidence supports that "GCL

23   understood that it would owe additional royalties of $1.5 million and $1 million on January 1, 2020

24   and January 1, 2021, respectively, if and only after it had used the first 667 MWp of Solaria's IP

25   used for its products sold in the EU."  Opposition, ECF No. 47 at 12; *Simi Mgmt. Corp. v. Bank of*

26   *Am., N.A.*, 930 F.Supp.2d 1082, 1098 (N.D. Cal. 2013).

27            GCL further argues that if it was required to make the Second A-TCLA Payment on

28   January 1, 2020, then Solaria had grounds to terminate the A-TCLA when GCL failed to make that

United States District Court
Northern District of California

payment.  *See* Opposition, ECF No. 47 at 13.  GCL's argument appears to be that Solaria's understanding of the A-TCLA cannot be correct, because if it were, then Solaria would have terminated the contract under the provision stating that "[f]ailure to make any of the payments when due shall be grounds for termination of the license grant provided herein."  *See* A-TCLA § 1(e).  But having *grounds* for terminating a contract is not the same as an *obligation* to terminate a contract.  Even if GCL's failure to make payments under the A-TCLA gave Solaria the ability to terminate the contract, Solaria still had the right to decline to terminate the contract, as it chose to do.  Accordingly, GCL's argument about Solaria's right to terminate the contract is unavailing.

Based on the above reasoning, the Court finds that GCL has not raised an issue of material fact that the A-TCLA is ambiguous as to whether GCL owes Solaria the Second A-TCLA Payment.

### b.  Affirmative Defenses

GCL also raises two affirmative defenses in opposing Solaria's summary judgment motion—frustration of purpose and mutual mistake.  *See* Opposition, ECF No. 47 at 13–16.  Solaria argues that GCL waived these affirmative defenses by not raising them in its answer, to Solaria's prejudice.  *See* Reply, ECF No. 52 at 1–3.  Further, Solaria argues that GCL's defenses fail as a matter of law.  *See id.* at 10–12.

### 1.  Frustration of Purpose

GCL argues that it is excused from performance by the frustration of purpose doctrine.  Frustration of purpose may be established "[w]here, at the time a contract is made, a party's principal purpose is substantially frustrated without his fault by a fact of which he has no reason to know and the non-existence of which is a basic assumption on which the contract is made[.]"  *FPI Dev., Inc. v. Nakashima*, 231 Cal.App.3d 367, 398 (1991) (quoting Rest.2d Contracts, § 266(2)).  Courts require that "the risk of the frustrating event was not reasonably foreseeable and that the value of counterperformance is totally or nearly totally destroyed."  *Waegemann v. Montgomery Ward & Co., Inc.*, 713 F.2d 452, 454 (1983) (quoting *Lloyd v. Murphy*, 25 Cal.2d 48, 54 (1944)).  Application of the doctrine "has been limited to cases of extreme hardship so that businessmen, who must make their arrangements in advance, can rely with certainty on their contracts."  *Id.* (quoting *Lloyd*, 25 Cal.2d at 54).  The frustration must be "so severe that it is not fairly to be regarded within the risks

1    . . . assumed under the contract." *FPI*, 231 Cal.App.3d at 399.

2         GCL argues that the parties agreed on a prepaid fee of $2 million because they anticipated

3    that GCL would use upwards of 667 MWp of Licensed Products, but an "unexpected" and

4    "unforeseen" decrease in market demand for Solaria's intellectual property substantially destroyed

5    the value of the contract.  *See* Opposition, ECF No. 47 at 13–14.  In response, Solaria argues that

6    (1) it performed under the A-TCLA by lifting the ban on GCL's sales of Licensed Products in the

7    EU, and this purpose was not frustrated by the decrease in market demand; (2) virtually no contract

8    would be enforceable if a party could be excused from performance by falling on hard luck; and (3)

9    there was no requirement in the contract that GCL sell any Licensed Products at all.  Reply, ECF

10   No. 52 at 10–11.

11        The Court agrees with Solaria.  Solaria performed under the A-TCLA by lifting the ban on

12   GCL's sales of Licensed Products in the EU.  *See* A-TCLA § 1(c); TCLA § 1(l); Opposition, ECF

13   No. 47 at 1 ("[The A-TCLA] modified the royalty fee terms of the TCLA to allow GCL to use

14   Solaria's IP in its solar modules sold in the European Union.").  This purpose could not have been

15   frustrated by the lack of GCL's actual sales in the EU.  Even if the purpose of the contract were

16   somehow linked to the amount of GCL's sales of Licensed Products in the EU, GCL has failed to

17   provide any evidence that the decrease in market demand was not reasonably foreseeable.

18   *Waegemann*, 713 F.2d at 454.  The Court considers a decrease in market demand for a product to

19   be squarely within the bounds of reasonable risks for a party paying prepaid royalties to sell that

20   product—certainly a risk that is "fairly to be regarded within the risks . . . assumed under the

21   contract." *FPI*, 231 Cal.App.3d at 399.  GCL points to no evidence to the contrary.  GCL can only

22   point to evidence of the mismatch between the amount it paid under the A-TCLA and the ultimate

23   value the contract had to GCL.  *See* Opposition, ECF No. 47 at 14.  This has no bearing on whether

24   its purported expectations were reasonable, or whether it was reasonably foreseeable that a market

25   downturn could take place.

26        Accordingly, the Court finds that GCL has failed to show that the frustration of purpose

27   doctrine raises an issue of material fact as to whether GCL owes Solaria the Second A-TCLA

28   Payment.

United States District Court
Northern District of California

2.   Mutual Mistake

GCL argues that it is excused from performance under the A-TCLA based on the doctrine of mutual mistake.  Under California law, "[w]hen, through fraud or a mutual mistake of the parties, . . . a written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved, so as to express that intention, so far as it can be done without prejudice to rights acquired by third persons, in good faith and for value."  Cal. Civ. Code § 3399.  Where the failure of a written contract to express the intention of the parties is due to both parties' inadvertence, the mistake is mutual and the contract may be revised on the application of the party aggrieved.  *See Lemoge Elec. v. San Mateo Cty.*, 46 Cal.2d 659, 640–41 (1956).  In determining whether a mutual mistake has occurred, a court may consider extrinsic evidence.  *See Hess v. Ford Motor Co.*, 27 Cal.4th 516, 525 (2002).

GCL argues that the parties agreed to the payment structure of the A-TCLA because they both believed that GCL would sell upwards of 667 MWP of Licensed Products in the EU.  *See* Opposition, ECF No. 47 at 14–16.  Since GCL has sold far fewer Licensed Products in the EU than expected, GCL argues that the Court should reform the A-TCLA to relieve GCL from paying the outstanding balance alleged by Solaria, since it would constitute a "significant windfall" for Solaria.  *See id.*  In response, Solaria argues that (1) GCL has pointed to what the parties thought might happen during performance of the contract, rather than an identifiable mistake in the contract and (2) the September 4, 2020 Payment Agreement, which provided a payment schedule for payments due under the A-TCLA for 2020, negates the possibility of any "mutual mistake."  *See* Reply, ECF No. 52 at 11–12.

The Court agrees with Solaria.  GCL has not pointed to a mutual mistake that could excuse its performance under the A-TCLA.  GCL argues that the parties' "mutual expectation . . . grossly overestimated" the number of Licensed Products GCL would sell in the EU.  Opposition, ECF No. 47 at 15.  For purposes of the mutual mistake doctrine, courts require the mistake to be about an "objective, existing fact," rather than an erroneous prediction or future expectation.  *See Hedging Concepts, Inc. v. First Alliance Mortgage Co.*, 41 Cal.App.4th 1410, 1421 (1996); *Mosher v. Mayacamas Corp.*, 215 Cal.App.3d 1, 4 (1989) (finding trial court properly granted summary

22

judgment that plaintiff was entitled to full performance of contract where alleged mutual mistake about future expectations was an "'error in judgment' rather than a mistake of fact or a failure of consideration") (quoting *M.F. Kemper Const. Co. v. City of Los Angeles*, 37 Cal.2d 696, 703 (1951)); *CRV Imperial-Worthington, LP v. Gemini Ins. Co.*, 770 F.Supp.2d 1074, 1078 (S.D. Cal. 2010) (collecting cases); *see also BHD v. Dow Chemical Co.*, No. CV 05–8881 SGL, 2009 WL 3633871, at *22 (C.D. Cal. 2009); *Consol'd Rail Corp. v. Portlight, Inc.*, 188 F.3d 93, 97 (3d Cir. 1999) (referencing the "general principle of mutual mistake doctrine that erroneous predictions of future events do not qualify as a mistake") (citing Restatement  (Second) Contracts, § 151 cmt. A (1979)) (other citations omitted).   Since GCL has only pointed to a "mutual expectation" and "overestimate[]" of GCL's future sales of Licensed Products, GCL has failed to point to a mutual mistake sufficient to excuse its performance under the contract.  *See* Opposition, ECF No. 47 at 15.

Even if GCL had pointed to a mutual mistake sufficient to excuse its performance under the A-TCLA, the A-TCLA is not the only contract at issue here—Solaria is also asserting that GCL had payment obligations under the September 4, 2020 Payment Agreement, which was executed over a year after the A-TCLA.  By September 2020, it was clear based on GCL's sales data that it was not on track to meet the parties' alleged mutual expectation of Licensed Product sales in the EU.  *See* Tootell Decl., ECF No. 47-1, Ex. 16.  And yet GCL still executed the September 4, 2020 Payment Agreement, which provided a schedule for payment of the Second A-TCLA Payment.  *See* Jones Decl., ECF No. 44-1, Ex. G, September 4, 2020 Payment Agreement.  GCL does not even attempt to argue that the September 4, 2020 Payment Agreement should be reformed under the mutual mistake doctrine, focusing only on the A-TCLA, which was executed at a time—April 2019—when the parties had less of an indication as to how many Licensed Products GCL would sell in the EU.

Accordingly, the Court finds that GCL's mutual mistake defense does not raise an issue of material fact as to whether it owes Solaria the Second A-TCLA Payment.

### 3.  Third A-TCLA Payment

The parties dispute whether Solaria can seek the Third A-TCLA Payment under the operative Complaint, which was filed before that payment came due.  Solaria argues that GCL owes the Third

A-TCLA Payment.  *See* Motion, ECF No. 44 at 5–6; A-TCLA § 1(e).  Solaria asserts that Section 1.3 of the September 4, 2020 Payment Agreement provides that if GCL failed to make any payments under the agreement, then all payments would become immediately due and payable, including those provided for in the A-TCLA.  *See* Motion, ECF No. 44 at 3.  In response, GCL argues that by filing the present action on November 4, 2020 before the January 1, 2021 payment was due, Solaria terminated the parties' obligations under the TCLA and any subsequent agreements, including the A-TCLA.  *See* Opposition, ECF No. 47 at 19.  GCL further argues that Solaria has not satisfied its burden of showing that the payment became due because of an anticipatory breach.  *See id.*  On reply, Solaria argues that even if it filed the present action before the Third A-TCLA Payment became due, GCL still owes Solaria that payment.  *See* Reply, ECF No. 52 at 13–14.

As the Court outlined at the December 2, 2021 hearing, the Court finds that the $1 million third payment under the A-TCLA did not become due until after the operative complaint was filed, so the Court cannot consider the third payment to be at issue in Plaintiff's Motion.[2]  *See* Complaint, ECF No. 1.  Solaria's argument that the September 4, 2020 Payment Agreement accelerated the Third A-TCLA Payment is unavailing.  Section 1.3 of the 9/20 Agreement only provides that "[i]f [GCL] or its subsidiary fails to make any one of the payments specified above, all the remaining amounts set forth in Section 1.1. above shall become accelerated and shall immediately become due and payable in full[.]"  *See* Jones Decl., ECF No. 44-1, Ex. G, September 4, 2020 Payment Agreement § 1.3.  Section 1.1 of the September 4, 2020 Payment Agreement does not list the Third A-TCLA Payment.  *See id.* § 1.1.  Therefore, Solaria has not demonstrated how the third A-TCLA

---

[2] On December 2, 2021, the Court directed the parties to file (1) a stipulation agreeing to submit the issue of whether GCL owes the Third A-TCLA Payment under the existing briefing, (2) a stipulation for Solaria to file an amended complaint including a claim for the Third A-TCLA Payment, or (3) a joint status report indicating the parties' failure to agree to either (1) or (2).  *See* ECF No. 55.  On December 16, 2021, the parties filed a status report indicating that they had failed to agree to either of the stipulations.  *See* ECF No. 60.  Accordingly, the Court ordered that Plaintiff's Motion was submitted under the current pleading.  *See* ECF No. 61.

United States District Court
Northern District of California

United States District Court
Northern District of California

1   payment became due prior to the filing of the operative complaint.

2          Accordingly, the Court finds that the issue of whether GCL owes the $1 million third

3   payment under the A-TCLA is not before it under the present Motion and the operative complaint.

4          **4.  Relief**

5          The parties have two disputes regarding the relief Solaria seeks.  Solaria seeks summary

6   judgment that it is entitled to (1) attorneys' fees; and (2) prejudgment interest.  *See* Motion, ECF

7   No. 44 at 4–6.  GCL argues that Solaria's requests for attorneys' fees and prejudgment interest are

8   premature.  *See* Opposition, ECF No. 47 at 19–20.

9          a.  Attorneys' Fees

10         In the Complaint, Solaria alleges that it is entitled to attorneys' fees and costs under the

11   TCLA and its amendments.  *See* Complaint, ECF No. 1 ¶¶ 18–19.  In its Motion, Solaria argues that

12   it is entitled to $78,197.88 in attorneys' fees and costs if it prevails on its breach of contract claim.

13   *See* Motion, ECF No. 44 at 4.  In response, GCL argues that Solaria's request for attorneys' fees is

14   premature, since under Federal Rule of Civil Procedure 54(d), such a request must be made by

15   motion after entry of judgment.  *See* Opposition, ECF No. 47 at 19 (citing

16   Fed. R. Civ. P. 54(d)(1)–(2)).  On reply, Solaria argues that nothing in Federal Rule of Civil

17   Procedure 54(d) says that a motion for fees and costs must come after judgment, and it has properly

18   made a request for fees and costs by motion.  *See* Reply, ECF No. 52 at 14.

19         The Court agrees with GCL.  Solaria's motion for attorneys' fees and costs is premature.

20   *See Mull v. Motion Picture Ind. Health Plan*, 937 F.Supp.2d 1161, 1181 (C.D. Cal. Dec. 20, 2012)

21   ("[I]t is premature to consider the appropriate form of relief until and unless the plaintiffs win a

22   judgment on one of their substantive claims."); *Hulihan v. Reg. Transp. Comm'n of So. Nevada*, No.

23   2:09-cv-01096-ECR-RJJ, 2012 WL 2060955, at *2 (D. Nev. June 7, 2012) ("[T]his Court denied

24   without prejudice Defendants' Motion for Attorney's Fees and Costs as premature because there

25   has yet to be an entry of final judgment[.]").  While the TCLA provides that "[t]he prevailing party,

26   as determined by the Court, shall be entitled to reasonable attorneys' fees and costs," the Court has

27   not entered judgment or declared Solaria to be the prevailing party.  TCLA § 8.4(c); *see* Jones Decl.,

28   ECF No. 44-1 ¶ 18.  In the event that Solaria does not amend the Complaint, it may ask the Court

1    to find it it to be the prevailing party and issue final judgment.

2         Accordingly, the Court DENIES Plaintiff's Motion regarding its entitlement to attorneys'

3    fees and costs WITHOUT PREJUDICE to seeking attorneys' fees by motion following the Court's

4    entry of final judgment under Federal Rule of Civil Procedure 54(d).

5                    b.   Prejudgment Interest

6         In the Complaint, Solaria alleges that it is entitled to prejudgment interest.  *See* Complaint,

7    ECF No. 1 at 3.  In its Motion, Solaria seeks prejudgment interest of $92,909.91, which is the amount

8    of interest allegedly owed from July 1, 2020 to October 27, 2021—the date the motion was filed—

9    based on the terms of the September 4, 2020 Payment Agreement.  *See* Motion, ECF No. 44 at 4

10   (citing Jones Decl., ECF No. 44-1, Ex. G, September 4, 2020 Payment Agreement § 1.1).  In

11   response, GCL argues that (1) Solaria is not entitled to prejudgment interest as a matter of law

12   because of genuine issues of triable fact as to whether GCL owes Solaria the $671,926.23 payment

13   and (2) Solaria's request for prejudgment interest is premature because such a request must be made

14   by motion after a party prevails in a case.  *See* Opposition, ECF No. 47 at 18–19.  On reply, Solaria

15   argues that there is nothing that requires a separate motion for prejudgment interest after summary

16   judgment is granted.  *See* Reply, ECF No. 52 at 14–15.

17        The Court agrees with GCL.  Solaria's request for prejudgment interest at this stage is

18   premature.  Accordingly, the Court DENIES WITHOUT PREJUDICE Solaria's motion for

19   prejudgment interest.

20                                    * * *

21        Based on the above reasoning, the Court finds that Solaria's requests for attorneys' fees and

22   prejudgment interest are premature before judgment is granted.  The Court notes that Solaria has

23   filed a motion for leave to amend the Complaint, and the Court anticipates expedited briefing on

24   summary judgment if the amended complaint is approved.  *See* ECF No. 62.

25   / / /

26   / / /

27   / / /

28   / / /

United States District Court
Northern District of California

**IV.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.    GCL's arguments and evidence in support of its ambiguity, frustration of purpose, and mutual mistake arguments are STRUCK under Rules 16(f) and 37(b)(2)(A)(ii);

2.    Solaria's motion for summary judgment as to GCL's breach of contract for failing to pay Solaria $671,926.23 under the A-TCLA and September 4, 2020 Payment Agreement is GRANTED;

3.    Solaria's motion for summary judgment as to GCL's breach of contract for failing to pay Solaria $1,000,000 under the A-TCLA by January 1, 2021 is DENIED WITHOUT PREJUDICE;

4.    Solaria's request for attorneys' fees is DENIED WITHOUT PREJUDICE; and

5.    Solaria's request for prejudgment interest is DENIED WITHOUT PREJUDICE.

Dated:  January 28, 2022

_____
BETH LABSON FREEMAN
United States District Judge