1
2
3              **UNITED STATES DISTRICT COURT**
4              **NORTHERN DISTRICT OF CALIFORNIA**
5                         **SAN JOSE DIVISION**
6

| | |
|---|---|
| THE SOLARIA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>GCL SYSTEM INTEGRATION TECHNOLOGY CO., LTD.,<br><br>Defendant. | Case No. 20-cv-07778-BLF<br><br>**ORDER GRANTING MOTION TO AMEND COMPLAINT**<br><br>[Re: ECF No. 62] |

Before the Court is Solaria Corporation's ("Solaria") Motion to Amend the Complaint in this breach of contract action against GCL System Integration Technology Co., Ltd. ("GCL"). Solaria seeks to supplement its complaint to allege breach of contract for GCL's failure to make an agreed payment that did not become due until after Solaria filed the initial Complaint in this action. GCL failed to oppose Solaria's Motion, and the time to file an opposition has passed. *See* Civ. L.R. 7-3(a); Reply, ECF No. 65.

Under Local Rule 7-1(b), the Court finds that this Motion may be determined without oral argument. Accordingly, the May 26, 2022 hearing is hereby VACATED. Based on the below reasoning, the Court GRANTS Solaria's Motion.

**I.   BACKGROUND**

On November 4, 2020, Solaria brought this action for breach of contract based on GCL's alleged failure to make certain payments under a technology cross-license agreement between the parties and subsequent payment agreements. *See* Complaint, ECF No. 1. Under the Amendment to Technology Cross License Agreement ("A-TCLA"), in exchange for a non-exclusive license to sell products containing Solaria's intellectual property ("Licensed Products") in the European Union ("EU"), GCL agreed to pay Solaria three payments: (1) a nonrefundable prepaid royalty fee of

1  $2,000,000.00 due upon execution of the A-TCLA ("First A-TCLA Payment"); (2) nonrefundable prepaid royalties of $1,500,000.00 due by January 1, 2020 ("Second A-TCLA Payment"); and (3) nonrefundable prepaid royalties of $1,000,000.00 due by January 1, 2021 ("Third A-TCLA Payment").  *See* Motion, ECF No. 62 at 2.

On October 28, 2021, Solaria moved for early summary judgment that GCL breached the A-TCLA by not paying Solaria the remainder of the Second A-TCLA Payment or any of the Third A-TCLA Payment.  *See* Summary Judgment Motion, ECF No. 44.  The parties fully briefed the summary judgment motion, with GCL arguing that it did not owe the Second or Third A-TCLA Payments based on defenses of ambiguity, frustration of purpose, and mutual mistake due to its failure to sell the amount of Licensed Products covered by the First A-TCLA Payment.  *See* Opposition to Summary Judgment Motion, ECF No. 47; Reply ISO Summary Judgment Motion, ECF No. 52.  On January 28, 2022, the Court granted Solaria summary judgment that GCL owed Solaria the remainder of the Second A-TCLA Payment it had undisputedly not paid.  *See* ECF No. 64.  However, the Court found that since the initial Complaint was filed before the January 1, 2021 date when the Third A-TCLA Payment became due, the issue of whether GCL breached the A-TCLA by not paying the Third A-TCLA Payment was not properly before the Court under the initial Complaint.  *See id.* at 24–25.

At the December 2, 2021 hearing on Solaria's summary judgment motion, in the interest of expediting resolution of this matter and saving the parties' and the Court's time and resources, the Court suggested the parties stipulate to either (1) submit the issue of whether GCL breached the A-TCLA by not paying the Third A-TCLA Payment under the existing complaint and summary judgment motion briefing or (2) allow Solaria leave to amend its initial complaint to allege GCL's breach of the A-TCLA through non-payment of the Third A-TCLA payment.  *See* ECF No. 55.  GCL declined to agree to either stipulation, so Solaria had to seek leave to supplement its initial Complaint in order to seek recovery for the Third A-TCLA Payment.  *See* ECF Nos. 60–61.[1]

---

[1] Given that GCL now declines to oppose Solaria's Motion, the Court notes that GCL's unwillingness to agree to either of the stipulations that the Court proposed has wasted Solaria's and

2

1    On January 14, 2022, Solaria moved for leave to supplement its initial complaint to add a single paragraph alleging that GCL breached the A-TCLA by not paying the Third A-TCLA Payment.  *See* Motion, ECF No. 62.  Solaria argues that there is good cause for it to supplement its complaint and the relevant factors favor granting leave to supplement, because there is no dispute that GCL failed to make the Third A-TCLA Payment, the parties took full discovery on the issue, and the parties fully briefed the issue with regard to Solaria's summary judgment motion.  *See id.* GCL failed to oppose Solaria's Motion, and the time for GCL to file an opposition has passed.  *See* Civ. L.R. 7-3(a); Reply, ECF No. 65.

**II.   LEGAL STANDARD**

Under Federal Rule of Civil Procedure 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  The factors considered when determining whether to grant leave to supplement a pleading include:  (1) undue prejudice to the nonmovant, (2) bad faith on the part of the movant, (3) futility, and (4) undue delay.  *See Cabell v. Zorro Prods. Inc.*, No. 5:15–cv–00771–EJD, 2016 WL 9180435, at *3 (N.D. Cal. Sep. 23, 2016); *Yates v. Auto City 76*, 299 F.R.D. 611, 614 (N.D. Cal. 2013) (citing *Keith v. Volpe*, 858 F.2d 467, 474–75 (9th Cir. 1988)). However, once a court files a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 setting a deadline for amended pleadings, that rule's standards apply.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992).  A party seeking to amend a scheduling order must show "good cause" for such relief.  Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").  If the moving party establishes "good cause" to modify the scheduling order, "it must then demonstrate that its motion is also proper under Rule 15."  *Rodarte v. Alameda Cty.*, No. 14–cv–00468–KAW, 2015 WL 5440788, at *2 (N.D. Cal. Sept. 15, 2015) (citing *Johnson,* 975 F.2d at 608).

The "good cause" analysis "is not coextensive with an inquiry into the propriety of the amendment under [] Rule 15." *Johnson*, 975 F.2d at 609.  "Rule 16(b)'s 'good cause' standard

---

the Court's time and resources.

3

1  primarily considers the diligence of the party seeking the amendment." *Id.* Courts may take into

2  account any resulting prejudice to the opposing party, but "the focus of the [Rule 16(b)] inquiry is

3  upon the moving party's reasons for seeking modification ... [i]f that party was not diligent, the

4  inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th

5  Cir. 2013) (citing *Johnson,* 975 F.2d at 609).

**III. DISCUSSION**

**A.   Rule 16(b)**

Since the deadline to amend the pleadings under the Court's scheduling order has passed, the Court considers whether there is good cause to supplement the Complaint under Rule 16(b). *See* Case Management Order, ECF No. 21. The Court finds that there is good cause. Solaria sought discovery on the Third A-TCLA Payment, and argued that GCL owed this payment in its summary judgment briefing. *See, e.g.*, ECF No. 28, Ex. 1, Plaintiff's First Set of Interrogatories (Nos. 1–2) at 2 (seeking discovery regarding Third A-TCLA Payment); Summary Judgment Motion, ECF No. 44; Reply ISO Summary Judgment Motion, ECF No. 52. Further, Solaria moved to supplement the Complaint on January 14, 2022, within a month of the Court's order indicating that the issue of the Third A-TCLA Payment was submitted on the current pleading. *See* ECF Nos. 61–62. Accordingly, the Court finds that Solaria has been diligent in seeking recovery for the Third A-TCLA Payment. Further, there is no prejudice to GCL that will result from Solaria supplementing the Complaint to cover the Third A-TCLA Payment, particularly since GCL has long been on notice that Solaria is seeking recovery for the Third A-TCLA Payment and GCL has affirmatively represented that it does not dispute that it owes Solaria this payment. *See* Joint Discovery Letter Brief, ECF No. 28 at 3.

Accordingly, the Court finds that there is good cause for Solaria to supplement the Complaint after the pleading amendment deadline in the Court's scheduling order.

**B.   Rule 15(d)**

Solaria argues that its proposed supplement to the Complaint is warranted under the factors courts consider in determining whether to grant leave to supplement pleadings under Rule 15(d). The Court considers each factor in turn.

First, courts consider bad faith on the part of the movant. *See Cabell*, 2016 WL 9180435,

1   at *3.  Solaria argues there can be no bad faith on its part because it sought discovery on the Third
2   A-TCLA Payment and made clear that non-payment of the Third A-TCLA Payment was part of its
3   breach of contract claim.  *See* Motion, ECF No. 62 at 8–9.  The Court agrees.  Solaria's conduct
4   does not appear to be a tactic—rather, Solaria considered the Complaint to adequately allege that
5   GCL owed the Third A-TCLA Payment, and now that the Court has found otherwise, Solaria is
6   diligently seeking to supplement its Complaint so it can seek recovery for that payment.  *See, e.g.*,
7   Reply ISO Summary Judgment Motion, ECF No. 52 at 13–14.  It is no surprise to GCL that Solaria
8   is seeking the Third A-TCLA Payment as part of its breach of contract claim.  *See, e.g.*, Joint
9   Discovery Letter Brief, ECF No. 28 at 3.

10   Second, courts consider whether granting leave to supplement the Complaint would cause
11   undue delay.  *See Cabell*, 2016 WL 9180435, at *3.  Solaria argues that supplementing the
12   Complaint will cause no delay, because discovery is complete, the parties have fully briefed the
13   issue, and trial is not until September 25, 2023.  *See* Motion, ECF No. 62 at 9.  The Court agrees.
14   Minimal, if any, delay will result from Solaria supplementing the Complaint.

15   Third, courts consider whether granting leave to supplement the Complaint would cause
16   prejudice to the opposing party.  *See Cabell*, 2016 WL 9180435, at *3.  Solaria argues that
17   supplementing the Complaint will cause no prejudice to GCL because GCL does not dispute it owes
18   the Third A-TCLA Payment, and it has taken full discovery and fully briefed its defenses regarding
19   the issue.  *See* Motion, ECF No. 62 at 9.  As outlined above for its Rule 16(b) analysis, the Court
20   agrees.

21   Fourth, courts consider whether supplementing the Complaint would be futile.  *See Cabell*,
22   2016 WL 9180435, at *3.  Solaria argues that the issue of whether GCL owes the Third A-TCLA
23   Payment is a fully briefed issue ripe for resolution by the Court, so supplementing the Complaint to
24   include this issue would not be futile.  *See* Motion, ECF No. 62 at 9.  The Court agrees.  The Court
25   itself noted that if Solaria sought recovery based on the non-payment of the Third A-TCLA
26   Payment, then it would need to supplement the Complaint to include allegations regarding this
27   payment now that it has become due.  *See* ECF No. 61.  Solaria's proposed supplemental complaint
28   is not futile, but rather essential if Solaria wishes to pursue recovery for the Third A-TCLA Payment.

\* \* \*

Accordingly, since all four factors favor Solaria's proposed supplement to the Complaint, the Court finds that granting Solaria leave to supplement is proper under Rule 15(d).

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Solaria is GRANTED leave to supplement the initial Complaint as proposed;
2. Solaria SHALL separately file the Supplemental Complaint within 7 days of this Order; and
3. In the event that Solaria chooses to file an additional motion for summary judgment on the new allegations regarding the January 21, 2021 payment, briefing is limited to 5 pages for the opening and responsive briefs and 3 pages for the reply.

Dated: January 31, 2022

BETH LABSON FREEMAN
United States District Judge