UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE SOLARIA CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>GCL SYSTEM INTEGRATION TECHNOLOGY CO., LTD.,<br><br>    Defendant. | Case No. 20-cv-07778-BLF<br><br>**ORDER GRANTING PLAINTIFF SOLARIA CORPORATION'S MOTION FOR SUMMARY JUDGMENT OF BREACH OF CONTRACT BY DEFENDANT FOR ADDITIONAL $1,000,000.00 IN UNPAID ROYALTIES**<br><br>[Re: ECF No. 70] |

Before the Court is Plaintiff Solaria Corporation's ("Solaria") motion for summary judgment of breach of contract by Defendant GCL System Integration Technology Co., Ltd. ("GCL") for failure to pay $1,000,000 pursuant to an agreement (the "A-TCLA") permitting GCL to sell Solaria's intellectual property in the European Union ("EU"). The Court previously granted Solaria's motion for summary judgment regarding GCL's breach of contract for failing to pay $671,926.23 under the A-TCLA and its amendments. The Court denied Solaria's motion for summary judgment as to a further $1,000,000 payment allegedly due under the A-TCLA because it did not become due until January 1, 2021—after Solaria filed the initial complaint. Solaria has since amended its complaint to include a claim for the $1,000,000 payment and now brings a second summary judgment motion seeking judgment that GCL breached the A-TCLA by failing to make that payment. *See* Motion, ECF No. 70. GCL opposes. *See* ECF No. 71.

Based on the below reasoning, the Court GRANTS Solaria's motion for summary judgment.

**I. BACKGROUND**

Solaria is a Delaware solar technology company that designs, develops, and sells "high-performance, high-efficiency photovoltaic (PV) solar modules and systems for residential and

commercial applications," with its principal place of business in California. *See* First Amended Complaint ("FAC"), ECF No. 1 ¶ 1. GCL is a Chinese corporation with its principal place of business in the People's Republic of China, which manufactures and sells solar modules throughout the world. *See id.* ¶ 2.

On November 14, 2017, Solaria and GCL entered into a Technology Cross License Agreement ("TCLA") as part of the settlement of a trade secrets action in California Superior Court, titled *Solaria Corporation v. GCL Solar Energy, Inc.*, Case No. RG16830545. *See* Jones Decl., ECF No. 44-1, Ex. A, Technology Cross License Agreement ("TCLA"). The TCLA gave GCL a non-exclusive license to sell solar modules that incorporated Solaria's intellectual property ("Licensed Products"). *See* TCLA § 2.1. The license permitted GCL to sell Licensed Products in any territory, excluding, for the first five years, the United States and the European Union ("EU"). *See id.* §§ 1(l), 2.1.1. In exchange, Solaria agreed to pay royalties of $0.003 for each watt of Licensed Products ("Wp") GCL sold. *See id.* § 3.1.

On April 23, 2019, Solaria and GCL amended the TCLA. *See* Jones Decl., ECF No. 44-1, Ex. C, Amendment to Technology Cross License Agreement ("A-TCLA"). Lifting the TCLA restriction to sell Licensed Products in the EU, the A-TCLA licensed GCL to sell Licensed Products in the EU for ten years. *See* A-TCLA §§ 1(c)–(f). Further, the A-TCLA required GCL to pay the following royalties for products incorporating Solaria intellectual property sold in the EU: "(i) USD $0.003/Wp; (ii) a non-refundable prepaid royalty fee of USD $2,000,000.00 upon execution of this Amendment to be applied to royalty payments for the first 667 MWp; and (iii) additional non-refundable prepaid royalties of US $1,500,000.00 due on or before January 1, 2020 and USD $1,000,000.00 due on or before January 1, 2021." *See id.* § 1(e).

GCL did not make the first $2,000,000 non-refundable prepaid royalty fee ("First A-TCLA Payment") to Solaria upon execution of the A-TCLA. *See* Jones Decl., ECF No. 44-1, Ex. D, June 12, 2019 Payment Agreement. On June 12, 2019, Solaria and GCL executed a payment agreement extending the time for GCL to pay the first $2,000,000 fee until July 1, 2019. *See id.* GCL paid the fee on or about June 26, 2019. *See* Jones Decl., ECF No. 44-1 ¶ 7.

The A-TCLA provided that a second payment—additional non-refundable prepaid royalties

1    of $1,500,000 ("Second A-TCLA Payment")—was "due on or before January 1, 2020" to Solaria.
2    *See* A-TCLA § 1(e).  GCL did not make the second payment by January 1, 2020.  *See* Jones Decl.,
3    ECF No. 44-1 ¶ 9.  After several partial payments by GCL and amendments to the A-TCLA, GCL
4    owed Solaria $671,926.23.  *See* Jones Decl., ECF No. 44-1 ¶¶ 11–13, 16; *id.*, Exs. F, G.

5           The A-TCLA further provided that a third payment—additional non-refundable prepaid
6    royalties of $1,000,000 ("Third A-TCLA Payment")—was "due on or before January 1, 2021" to
7    Solaria.  *See* A-TCLA § 1(e).  GCL did not make this payment by January 1, 2021.  *See* Jones Decl.,
8    ECF No. 44-1 ¶ 16.

9           During 2019 and 2020, GCL sold approximately 1.39 MWp of Licensed Products in the
10   European Union.  *See* Tootell Decl., ECF No. 71-1, Ex. 3 at 5, 8; Opposition, ECF No. 71 at 5.  In
11   total, GCL has paid Solaria approximately $2,871,923.23 so far pursuant to the A-TCLA and the
12   ensuing payment agreements.  *See* Opposition, ECF No. 71 at 1.

13          Solaria filed suit on November 4, 2020.  *See* Complaint, ECF No. 1.  On April 23, 2021,
14   Solaria informed the Court that it would be filing an early summary judgment motion, and the parties
15   proposed an expedited schedule whereby fact discovery closed on September 10, 2021.  *See* Joint
16   Case Management Statement, ECF No. 25.  The Court scheduled a hearing on Solaria's early
17   summary judgment motion for December 2, 2021.  Fact discovery closed on September 10, 2021,
18   except for the parties' Rule 30(b)(6) depositions, which were completed in October.  *See*
19   ECF No. 46.

20          Solaria filed a Motion for Summary Judgment on October 28, 2021, arguing that the Court
21   should find as a matter of law that GCL owes it at least $1,843,034.02, including (1) $671,926.23
22   owed under a September 4, 2020 amendment to the A-TCLA; (2) $92,909.91 in interest as of
23   October 27, 2021; (3) $78,197.88 in attorneys' fees as of October 27, 2021; and (4) $1,000,000
24   owed under the Third A-TCLA Payment as of January 1, 2021.  *See* Motion, ECF No. 44 at 4–5.
25   The Court granted Solaria's summary judgment motion in part.  *See* Order, ECF No. 64.  The Court
26   granted Solaria's summary judgment motion as to the breach of contract claim for the $671,926.23
27   owed under the September 4, 2020 amendment to the A-TCLA.  *See id.*  In granting summary
28   judgment as to these payments, the Court found that GCL failed to raise an issue of material fact as

1   to whether it owed these payments, including based on the doctrines of mutual mistake or frustration
2   of purpose. *See id.* at 20–23. However, the Court denied summary judgment as to all other issues.
3   Regarding the Third A-TCLA Payment, the Court found that since this payment did not become due
4   until after Solaria filed its complaint, the Court could not properly consider it at issue in Solaria's
5   summary judgment motion. *See id.* at 23–25.

6   On January 31, 2022, Plaintiff amended its complaint to include a claim of breach of contract
7   for GCL's failure to make the Third A-TCLA Payment. *See* FAC, ECF No. 67. Plaintiff filed a
8   second motion for summary judgment on February 15, 2022, seeking summary judgment that GCL
9   breached the A-TCLA by not making the Third A-TCLA Payment. *See* Motion, ECF No. 70. GCL
10  opposed, arguing that Plaintiff failed to meet its initial burden for showing breach of contract and
11  that there are disputes of material fact as to whether GCL breached the A-TCLA. *See* Opposition,
12  ECF No. 71.

**II.  LEGAL STANDARD**

14  "A party is entitled to summary judgment if the 'movant shows that there is no genuine
15  dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *City of*
16  *Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)).
17  A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*
18  *v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there
19  is sufficient evidence for a reasonable trier of fact to decide in favor of the nonmoving party. *Id.*

20  The party moving for summary judgment bears the initial burden of informing the Court of
21  the basis for the motion and identifying portions of the pleadings, depositions, answers to
22  interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material
23  fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party
24  must either produce evidence negating an essential element of the nonmoving party's claim or
25  defense or show that the nonmoving party does not have enough evidence of an essential element
26  to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos.,*
27  *Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). In judging evidence at the summary judgment stage, the
28  Court "does not assess credibility or weigh the evidence, but simply determines whether there is a

4

genuine factual issue for trial." *House v. Bell*, 547 U.S. 518, 559–60 (2006). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

If the moving party meets its initial burden, the burden shifts to the nonmoving party to produce evidence supporting its claims or defenses. *Nissan Fire*, 210 F.3d at 1103. If the nonmoving party does not produce evidence to show a genuine issue of material fact, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. "The court must view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor." *City of Pomona*, 750 F.3d at 1049 (citations omitted). "[T]he 'mere existence of a scintilla of evidence in support of the [nonmovant's] position'" is insufficient to defeat a motion for summary judgment. *Id.* (quoting *Anderson*, 477 U.S. at 252). "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" *Id.* at 1049–50 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

## III. DISCUSSION

First, the Court assesses whether Solaria has met its initial burden for a breach of contract claim on summary judgment. Solaria moves for summary judgment that GCL breached the A-TCLA by not making the Third A-TCLA Payment to Solaria by January 1, 2021. *See* Motion, ECF No. 70 at 1–2. Under California law—which governs the TCLA and ensuing agreements—to be entitled to damages for breach of contract, a plaintiff must prove "(1) a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff." *Walsh v. W. Valley Mission Cmty. Coll. Dist.*, 66 Cal.App.4th 1532, 1545 (1998); *see* TCLA, ECF No. 44-2 § 8.4(c) ("The laws of the State of California shall apply, exclusive of choice of law principles.").

Solaria points to evidence it provided in support of its first summary judgment motion that the A-TCLA required GCL to pay Solaria the Third A-TCLA Payment by January 1, 2021 and that GCL failed to make that payment. *See* Jones Decl., ECF No. 44-1, Ex. C § 1(e); Jones Decl.,

ECF No. 44-1 ¶ 16. The Court finds that Solaria has met its initial burden for showing breach of contract. Solaria provides evidence of a contract (the A-TCLA); its performance (agreeing to allow GCL to sell the Licensed Products in the EU); GCL's breach (failing to pay the Third A-TCLA Payment); and damages (the Third A-TCLA Payment). *See* Jones Decl., ECF No. 44-1, Ex. C § 1, 1(e); Jones Decl., ECF No. 44-1 ¶ 16.

GCL argues that Solaria has failed to meet its initial burden because Solaria relies exclusively on evidence provided with its first summary judgment motion. *See* Opposition, ECF No. 71 at 1–2. Since incorporation by reference is prohibited under the Court's Standing Order, GCL argues that the Court should not consider Solaria's previously filed evidence. *See id.* In response, Solaria argues that citing to evidence already filed on the Court's docket does not violate the Court's standing order. *See* Reply, ECF No. 72 at 1. Further, Solaria argues that even if previously-filed evidence violated the Court's Standing Order, such a violation would be harmless. *See id.* Solaria argues that a denial of its motion based on violation of the Court's Standing Order would merely lead to another pointless round of summary judgment briefing. *See id.*

The Court agrees with Solaria. Citing to previously-filed evidence is not incorporation by reference, and it does not violate the Court's Standing Order. Further, GCL fails to point to any harm resulting from Solaria's decision to cite previously-filed exhibits rather than refiling duplicate exhibits along with its second summary judgment motion. Indulging GCL's incorporation by reference argument would merely waste the parties and the Court's time with another round of identical summary judgment briefing. The Court declines to give GCL any further opportunity to waste the parties and the Court's resources. *See* Order, ECF No. 66 at 2 n.1.

Accordingly, the Court finds that Solaria has met its initial burden for its breach of contract claim as to the Third A-TCLA Payment.

Next, the Court assesses whether GCL has met its burden of showing that there are disputed issues of material fact that foreclose summary judgment on Plaintiff's breach of contract claim. GCL raises three arguments directed to disputes of fact regarding whether it breached the A-TCLA. First, GCL argues that Solaria terminated GCL's obligation to pay the Third A-TCLA Payment by filing the present lawsuit before that payment was due. Second, GCL argues it is excused from

6

1    making the Third A-TCLA Payment under the frustration of purpose doctrine. Third, GCL argues

2    that the A-TCLA should be reformed under the mutual mistake doctrine to excuse GCL from making

3    the Third A-TLCA Payment. The Court will consider each argument in turn.

4         GCL argues that there is a dispute of material fact as to whether it owes Solaria the Third A-

5    TCLA Payment because it did not come due until after Solaria filed this action. *See* Opposition,

6    ECF No. 71 at 2–3. GCL argues that Solaria effectively terminated the parties' obligations under

7    the TCLA and any subsequent agreements when it filed suit. *See id.* at 3. Further, GCL argues that

8    Solaria has not provided evidence in support of GCL's anticipatory breach of the TCLA or any

9    subsequent agreements. *See id.* In response, Solaria argues that GCL's failure to pay the Third

10   A-TCLA Payment by January 1, 2021 was an actual breach of contract, so anticipatory breach is

11   not at issue here. *See* Reply, ECF No. 72 at 1.

12        The Court agrees with Solaria. GCL provides no evidence or case authority to support its

13   argument that Solaria terminated the agreements by filing the present action. Accordingly, GCL's

14   failure to pay Solaria the Third A-TCLA Payment was an actual breach of the A-TCLA and Solaria

15   is not required to present evidence of anticipatory breach.

16        GCL also raises a frustration of purpose defense. In support, GCL argues that the parties

17   entered into the A-TCLA primarily to allow GCL to use Solaria's IP in products sold in the EU. *See*

18   Opposition, ECF No. 71 at 3. GCL argues that the parties agreed on a prepaid royalty of $2 million

19   for the first 667 MWp because they anticipated that GCL would use upwards of that amount of

20   Solaria's IP. *See id.* at 4 (citing Tootell Decl., Ex. 1, Huiming Depo. Tr. at 58:7–58:23 (stating there

21   was a mismatch between the amount GCL paid pursuant to the A-TCLA and the value the contract

22   had to GCL); *id.*, Ex. 2, Jones Depo. Tr. 86:4–87:6; 87:15–87:22; 90:20–91:1 (stating that each

23   royalty payment pursuant to the A-TCLA corresponded to an amount of Solaria's IP)). GCL argues

24   that an unexpected decrease in market demand for Solaria's IP substantially destroyed the value of

25   the contract, thereby excusing GCL from performance. *See id.* (citing Tootell Decl., Ex. 1, Huiming

26   Depo. Tr. at 61:9–61:19 ("[T]he market demand for this was not big."); *id.*, Ex. 3 (showing EU sales

27   in 2019 and 2020). In response, Solaria argues that the Court already granted summary judgment

28   in its favor as to the First and Second A-TCLA Payments over GCL's frustration of purpose defense.

1  *See* Reply, ECF No. 72 at 2–3.  Since the Third A-TCLA Payment was merely a third installment
2  for the same purpose as the first and second payments—lifting the restriction on GCL selling Solaria
3  intellectual property in the EU—GCL's frustration of purpose argument as to the Third A-TCLA
4  Payment must fail.  *See id.*

5  The Court agrees with Solaria.  GCL's frustration of purpose defense fails for the same
6  reasons the Court outlined in its prior order as to the First and Second A-TCLA Payments.  *See*
7  Order, ECF No. 64 at 21.  The purpose of the A-TCLA was to lift the ban on GCL's sales of Licensed
8  Products in the EU.  To the extent the purpose of the A-TCLA were somehow linked to the amount
9  of GCL's sales of Licensed Products in the EU, GCL has failed to provide any evidence that the
10 decrease in market demand was not reasonably foreseeable.  *See Waegemann v. Montgomery Ward*
11 *& Co., Inc.*, 713 F.2d 452, 454 (1983).  GCL raises the same arguments supported by the same
12 30(b)(6) deposition testimony as it did in opposition to Solaria's first summary judgment motion.
13 *See* ECF No. 47 at 13–14.  Accordingly, GCL's frustration of purpose defense fails to raise a genuine
14 dispute of material fact as to whether GCL breached the A-TCLA by failing to pay the Third
15 A-TCLA Payment.

16 Additionally, GCL raises a mutual mistake defense.  GCL argues that the parties entered into
17 the A-TCLA based on the mistaken belief that GCL would use upwards of 667 MWp of Solaria's
18 intellectual property in products sold in the EU.  *See* Opposition, ECF No. 71 at 5.  GCL points to
19 the same deposition testimony that it cites in support of its frustration of purpose defense.  *See id.* at
20 5 (citing Tootell Decl., Ex. 1, Huiming Depo. Tr. at 58:7–58:23; *id.*, Ex. 2, Jones Depo. Tr.
21 86:4–87:6; 87:15–87:22; 90:20–91:1).  Since GCL ended up selling only a small portion of the
22 Solaria intellectual property it prepaid for, GCL argues that the Court should reform the A-TCLA
23 to relieve GCL from the unreasonable obligation to pay Solaria an additional $1 million.  *See id.*  In
24 response, Solaria argues that the Court already rejected GCL's mutual mistake defense in ruling on
25 Solaria's first summary judgment motion.  *See* Reply, ECF No. 72 at 2–3.

26 The Court agrees with Solaria.  GCL's mutual mistake defense fails for the same reasons the
27 Court provided in ruling on Solaria's first summary judgment motion.  *See* Order, ECF No. 64
28 at 22–23.  Primarily, the Court found that a mutual mistake defense cannot be based on an

"erroneous prediction or future expectation," which is all GCL can point to here. *Id.* at 22; Opposition, ECF No. 71 at 5 ("The parties' mutual expectation of such high usage was clearly a mistake[.]"); *see, e.g., Hedging Concepts, Inc. v. First Alliance Mortgage Co.*, 41 Cal.App.4th 1410, 1421 (1996) (affirming summary judgment in favor of plaintiff in breach of contract case where "the entire thrust of appellant's claim appears to be that the valuation was rendered mistaken *by subsequent events*") (emphasis in original). GCL presents no new arguments or evidence in support of its mutual mistake defense as to the Third A-TCLA Payment—instead, relying on the same 30(b)(6) deposition testimony it relied on in its opposition to Solaria's first summary judgment motion. *See* ECF No. 47 at 15. Accordingly, the Court finds that GCL's mutual mistake defense fails to raise a dispute of material fact as to whether GCL breached the A-TCLA by not paying the Third A-TCLA Payment.

Since none of GCL's arguments raise a dispute of material fact as to whether it breached the A-TCLA by not paying the Third A-TCLA Payment by January 1, 2021, the Court finds that GCL has failed to meet its burden for showing that Solaria is not entitled to summary judgment.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Solaria's motion for summary judgment is GRANTED.

Dated: April 14, 2022

_____
BETH LABSON FREEMAN
United States District Judge